James Capers, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, March 9, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Jeffrey Shender,* Assistant Defender, *John W. Packel,* Assistant Defender, Chief, Appeals Division, and *Benjamin Lerner,* Defender, for petitioner.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 30, 1979:

James Capers (Capers) has filed a petition for review challenging the order of the Pennsylvania Board

of Probation and Parole (Board) recommitting him as a technical parole violator. On January 13, 1978, a preliminary hearing was conducted by the Board, at which time probable cause was found to charge Capers with a technical violation of his parole.

The Board's regulation 71.2(9), 37 Pa. Code §71.2 (9), provides: "In the event that the Examiner of the Board has found probable cause and is of the opinion that a Violation Hearing is warranted, he shall initiate the scheduling of a Violation Hearing."

The Board's regulation 71.2(11), 37 Pa. Code §71.2 (11), *inter alia,* provides: "If a Violation Hearing is scheduled, it will be scheduled as promptly as possible, but not later than 120 days of the Preliminary Hearing."

Compliance with these two regulations would have required that in the instant case a violation hearing be held[1] on or before May 13, 1978. In fact, such a hearing was held four days later, on May 17, 1978.

The Board does not contend that the violation hearing was held within the required 120-day period but argues that the delay resulted in part from the hearing's being postponed on two occasions. On the first occasion, the hearing was continued to accommodate the parole officer's vacation plans, and on the second occasion it was postponed because the parole officer was assaulted on the day before the date of the re-scheduled hearing and was unable to resume his duties for a one-week period. The Board concedes that neither delay in holding the violation hearing was in any way attributable to Capers or his counsel.

---

[1] Although regulation 71.2(11) provides that the violation hearing be scheduled not later than 120 days after the preliminary hearing, we have decided, in *Kemp v. Board of Probation and Parole,* 34 Pa. Commonwealth Ct. 313, 383 A.2d 568 (1978), that, as used in the Board's regulations, "scheduled" is tantamount to "held".

The Board's regulation 71.5(h), 37 Pa. Code §71.5 (h) provides:

> If the time limit in conducting a final Violation Hearing or a final Revocation Hearing (120 days) has not been complied with, the defendant or his attorney may apply to the Board for an order dismissing the charges with prejudice on the ground that the 120-day rule has been violated. Any order granting such application will dismiss the charges with prejudice and discharge the defendant.

In *Nelson v. Board of Probation and Parole*, 35 Pa. Commonwealth Ct. 23, 25 n. 1, 384 A.2d 1033, 1034 n. 1 (1978), we stated that "[i]t is our conviction that a revocation order which fails to comply with [the rules and regulations of the Board] must be considered defective." In *Kemp v. Board of Probation and Parole, supra* note 1, where, as here, a parolee had been held as a technical parole violator, we held that the Board's delay in holding the violation hearing beyond the time allowed by the Board's rules and regulations required us to set aside the Board's revocation order. In *Kemp,* we noted the greater need for a more prompt hearing for the proving of a technical violation than for proving a conviction.

Although we can readily understand the reasons in this case for the two continuances, it is nevertheless correct, as Capers contends, that the Board's regulation 71.5(h) applies to the facts of this case and requires an order dismissing the charges with prejudice.[2]

---

[2] The Board's regulation 71.5(i), 37 Pa. Code §71.5(i), provides:

(i) However, in determining the period for conducting the final hearings as enumerated in subsection (h) of this section, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from either of the following:

Accordingly, we enter the following

ORDER

AND Now, this 30th day of April, 1979, the order of the Pennsylvania Board of Probation and Parole, dated June 27, 1978, recommitting James Capers as a technical parole violator, is set aside and his parole is ordered reinstated.

---

(1) The unavailability of the defendant or his attorney.
(2) Any continuance granted at the request of the defendant or his attorney.
However, the Board's regulations contain no similar extension provision where the delay is due to reasonable or necessary occurrences related to the Board or its employees.