524 A.2d 1049

Salvatore Abbruzzese, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 12, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John C. Armstrong,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, April 24, 1987:

Salvatore Abbruzzese (petitioner) petitions for review of an order of the Pennsylvania Board of Proba-

tion and Parole (Board) which denied his request for administrative relief from a Board recommitment.

On May 6, 1983, the petitioner, while on parole, was arrested by Philadelphia police. He pled guilty on October 7, 1983 to burglary and criminal conspiracy, and was sent to the State Correctional Institution at Graterford (Graterford) pending a revocation hearing on his new criminal convictions.[1] On May 2, 1984, however, he was transported to New Jersey to face unrelated charges pending there. He pled guilty to those charges on May 9, 1984, was sentenced on June 15, 1984, and was returned to Graterford during the first week of July 1984. He received a revocation hearing for the New Jersey convictions on November 27, 1984 after which he was recommitted for an additional twenty-four months as a convicted parole violator.

We initially note our limited scope of review of an adjudication by the Board, which is to determine whether or not it is supported by substantial evidence, is in accordance with the law, and is observant of the petitioner's constitutional rights. *Stevenson v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 540, 460 A.2d 409 (1983).

The petitioner contends that he was denied procedural due process because the revocation hearing here at issue was not held within 120 days of the date on which the Board received official verification of his New Jersey conviction, and he cites 37 Pa. Code §71.4(2).[2]

---

[1] The petitioner subsequently received a revocation hearing on the Philadelphia convictions on July 31, 1984 and was recommitted to serve forty-eight months backtime for multiple violations. This recommitment, however, is not at issue here.

[2] 37 Pa. Code §71.4(2) pertinently provides:

The hearing shall be held within 120 days from the date the Board received official verification of the plea of

We note that, because the petitioner alleged that the hearing was untimely, it was for the Board to prove by a preponderance of the evidence that it was, in fact, timely. *See Brown v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982) (record must contain matters set forth in statute and it is Board's duty to furnish adequate record). The Board, here, merely took administrative notice of the timeliness of the revocation hearing based on its own member's statement that the verification was not received until September 13, 1984, but there was neither testimony nor documentation in the record capable of being the subject of such notice.

In *Falasco v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 321, 521 A.2d 991 (1987), this Court held that the Board could take official notice of information contained in its own files or if the fact noticed was obvious and notorious to either the ordinary person or expert in the Board's field. *Falasco* at 326 n. 6, 521 A.2d at 994 n. 6. Our review of the record

---

guilty or *nolo contendere* of [sic] the guilty verdict at the highest trial court level except as follows:

(i) If the parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the full Board revocation hearing required by Commonwealth of Pennsylvania, ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final revocation hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. The parolee, who is confined in a county correctional institution and who waived the final revocation hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Department of Corrections beginning with the date of his waiver of the Board hearing.

here, however, indicates that, although the Board did receive official verification of the petitioner's conviction *by* September 13, 1984,[3] the verification, itself, was not dated.[4] We cannot assume, therefore, that it was received *on* that date. The revocation hearing was held on November 27, 1984 and any verification made on or subsequent to July 30, 1984 would have made that hearing timely. In taking administrative notice of a Board member's statement, here, the Board is obviously attempting to stretch the official notice doctrine far beyond its broadest terms by taking notice of information not in its files. The document necessary to establish the date of verification, here, is a New Jersey Judgment of Conviction and Order for Commitment dated June 15, 1984, the date upon which the petitioner was sentenced. This document, however, was not time-stamped upon receipt by the Board, and if sent on the June 15, 1984 date of issuance, the revocation hearing would clearly have been untimely. The Board's factual determination that it received official verification on September 13, 1984, therefore, is neither obvious and notorious nor supported by substantial evidence.

Due to the inadequacy of the record, on March 3, 1987, we ordered, *Per Curiam,* that the Board file a Supplemental Record in order to establish the date on which it received official verification of the petitioner's May 9, 1984 conviction. The Board subsequently filed a Supplemental Record which consisted of the sworn statement of parole agent Michael Barone.[5] We note,

---

[3] The only evidence in the record containing the September 13, 1984 date was the petitioner's request form for a full Board hearing submitted on that date.

[4] Although the verification contains the sentencing date of June 15, 1984, there is no indication as to the date on which it was sent to or received by the Board.

[5] Mr. Barone stated:

To the best of my knowledge, information and belief, I certify that I first obtained a photocopy of the document

however, that Mr. Barone was present and testified at the revocation hearing, but that the Board's taking of administrative notice of the timeliness of that hearing precluded either the direct testimony or cross-examination of Mr. Barone on that issue. Furthermore, if we were to consider Mr. Barone's statement, we would be improperly accepting evidence at the appellate level.

Where, as here, the Board has failed to present substantial evidence as to the timeliness of the petitioner's revocation hearing, thereby failing to meet its burden of proof by a preponderance of the evidence that the hearing was timely, the appropriate remedy is a dismissal of the parole violation charges with prejudice.[6] *Capers v. Pennsylvania Board of Probation and Parole,* 72 Pa. Commonwealth Ct. 356, 400 A.2d 922 (1979).

Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, this 24th day of April, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, which denied the petitioner's request for administrative relief and which recommitted the petitioner to serve twenty-four months as a result of his May 9, 1984 New Jersey conviction, is reversed.

---

found at pages # 25 through # 28 of the Certified Supplemental Record at No. 498 C.D. 1986 on September 13, 1984 and that I did not officially verify the conviction evidenced by that document before that date.

[6] We need not address the petitioner's argument that either a July 20, 1984 Sentence Status Report or his return to Graterford in the first week of July is controlling as to the date on which the Board received notice of his New Jersey convictions because of our conclusion that the Board failed to present substantial evidence as to the timeliness of the revocation hearing.