561 A.2d 866

**Donald WILLIAMS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 1989.

Decided July 26, 1989.

Petition for Allowance of Appeal Denied March 12, 1990.

John C. Armstrong, Chief, Parole Division, Norristown, for petitioner.

Robert Greevy, Chief Counsel, Arthur R. Thomas, Asst. Chief Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

Donald Williams (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which ordered petitioner recommitted for six (6) years as a convicted parole violator. Having been denied his request for administrative relief, petitioner filed this appeal. We affirm.

While on parole for a robbery conviction, petitioner was arrested on January 30, 1984, and November 6, 1984, and was charged with, *inter alia*, robbery. On November 20, 1984, petitioner signed a request for a continuation of his parole revocation hearing. On May 6, 1986, petitioner was convicted of robbery and possession of an instrument of crime as a result of his January 30, 1984, arrest. On January 29, 1986, petitioner was convicted of robbery, unauthorized use of an automobile, and conspiracy as a result of his November 6, 1984, arrest.

On January 13, 1987, the Board, on its own initiative, scheduled a violation and revocation hearing for the petitioner to be held on February 5, 1987. At this hearing, counsel for petitioner argued that the hearing was untimely because it was not held within one hundred twenty (120) days from May 29, 1986, the date on which the Board was notified of petitioner's last conviction. The Board's decision, which was mailed on April 1, 1987, ordered the petitioner recommitted as of March 4, 1987, for a period of six (6) years as a convicted parole violator.

Petitioner's request for administrative relief was denied by the Board on April 29, 1987. On December 7, 1988, petitioner filed a petition for review *nunc pro tunc* with this Court which was accepted on December 15, 1988.

Petitioner argues that pursuant to 37 Pa.Code § 71.4(2),[1] the Board is required to convene a revocation hearing within one hundred twenty (120) days from the date of the official verification of his conviction. Petitioner argues that

1. This section of the Code was amended on January 16, 1988, and a similar provision is now found at 37 Pa.Code § 71.4(1).

the Board was notified on May 29, 1986, of his return to state custody, yet his hearing was not held until February 5, 1987, almost nine (9) months after the Board had learned that he was available for a parole revocation hearing. Thus, the petitioner cites *Abbruzzese v. Pennsylvania Board of Probation and Parole*, 105 Pa.Commonwealth Ct. 415, 524 A.2d 1049 (1987) and *Capers v. Pennsylvania Board of Probation and Parole*, 42 Pa.Commonwealth Ct. 356, 400 A.2d 922 (1979), for the proposition that he is entitled to have his parole violation charges dismissed because his hearing was not held within this 120–day period.

■ Petitioner concedes that any delay in the proceedings caused by a parolee are excluded from this 120–day period and so cites the case of *Jones v. Pennsylvania Board of Probation and Parole*, 44 Pa.Commonwealth Ct. 610, 404 A.2d 755 (1979). In denying the petitioner's request for administrative relief, the Board based its decision on the fact that the petitioner had requested a continuation of his hearing until further notice. Thus, the Board did not schedule a hearing within one hundred twenty (120) days of May 29, 1986, because the petitioner never notified the Board of his intention to proceed with a hearing.

The petitioner argues that this rationale is faulty for two reasons. The first being that the continuation form, when viewed as a whole, plainly states that the reason the continuance was granted is because the petitioner requested that all hearings be continued pending disposition of all criminal charges. Secondly, the petitioner maintains that the language "continued until further notice" does not place the burden on him to arrange for a hearing.

The Board, on the other hand, argues that any issue of timeliness has been waived by the petitioner because his petition for administrative relief does not cite any authority for the proposition that his revocation hearing was untimely. Thus, the Board argues that under former 37 Pa.Code § 71.5(h),[2] the petition for administrative relief should have

2. This section has been replaced by 37 Pa.Code § 73.1(a)(3), (b)(2).

contained specific factual and legal allegations that petitioner was entitled to administrative relief. *McCaffrey v. Pennsylvania Board of Probation and Parole*, 113 Pa. Commonwealth Ct. 277, 537 A.2d 78 (1988). The Board, in the denial of petitioner's request, did not state the petition was inadequate. Furthermore, we have reviewed the petition for administrative relief and it contains more than the boilerplate language that we said was unacceptable in *McCaffrey*. In reviewing this petition, it is obvious that the petitioner was alleging that his revocation hearing was not held within one hundred twenty (120) days.

When a convicted parole violator alleges that his revocation hearing was untimely, it is for the Board to prove by a preponderance of the evidence that it was, in fact, timely. *Abbruzzese*. The question arises as to whom should the delay in the petitioner's revocation hearing be attributed. The petitioner argues that it should be charged to the Board because the words "until further notice" on his continuation form, meant until all of his outstanding criminal charges were disposed. The Board, on the other hand, argues that it accepted the language "until further notice" to mean until it had received notice from either the petitioner or petitioner's counsel that they were prepared to proceed. We agree with the Board's interpretation of the language contained in the continuation request form. To adopt the petitioner's interpretation would encumber the Board to search the docket of every court of record in the United States on a daily basis to determine whether a parolee has been convicted. The Board is not required to conduct a daily review to determine whether a parolee is ready to proceed with a hearing. This would be too onerous a burden to place upon the Board because the purpose of the continuation in this matter was to allow the petitioner to dispose of all his outstanding criminal charges and then proceed before the Board at one hearing instead of an individual hearing for each of petitioner's convictions.[3]

---

3. The Board regulations that were amended on January 16, 1988, now require written notice from a parolee or counsel before a hearing will

As previously stated, any time attributable to a parolee's request for a continuation is excluded from the 120–day period. In this matter, it was the petitioner who choose not to notify the Board of his intention to proceed with his revocation hearing. Thus, any delay in the petitioner's revocation hearing was a result of his own inaction and cannot be charged to the Board. While reviewing its outstanding cases on January 13, 1987, the Board determined that the petitioner had yet to receive his revocation hearing. On that day, the Board scheduled the petitioner's revocation hearing for February 5, 1987. This is well within the 120–day period.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 26th day of July, 1989, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

be held after a request for a continuation has been granted. 37 Pa.Code § 71.5(c)(2).