568 A.2d 1370

Gary SAUNDERS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted Oct. 20, 1989.

Decided Jan. 23, 1990.

---

David Crowley, Chief Public Defender, Centre County, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

Gary Saunders appeals an order of the Pennsylvania Board of Probation and Parole denying his administrative appeal from the board's order which recommitted him to serve eighteen (18) months of backtime as a convicted parole violator (CPV). We reverse.

On March 16, 1988, police arrested Saunders, charged him with burglary, and placed him into custody. On the following day, the board lodged its warrant and detainer against Saunders.

On October 18, 1988, Saunders pled guilty to burglary, theft by unlawful taking, receiving stolen property, and criminal conspiracy. The board received official verification of Saunders' conviction on October 25, 1988.

The board scheduled Saunders' parole revocation hearing for February 23, 1989. However, because the board failed to give Saunders and his counsel proper notice of the scheduled hearing, the board granted itself a continuance until March 3, 1989.

At the March 3, 1989 hearing, Saunders objected to the hearing's timeliness, citing the 120-day rule under 37 Pa. Code § 71.4(1), because a period of 129 days had elapsed from the date the board received official verification of his conviction to the date of his revocation hearing.

The board overruled Saunders' objection, stating that the delay did not prejudice him in any manner. On April 17, 1989, the board recommitted Saunders as a CPV.

On May 25, 1989, Saunders filed an administrative appeal with the board, which the board denied on July 3, 1989. This appeal followed.

On appeal, Saunders challenges the timeliness of the revocation hearing under section 71.4(1).

■ Our scope of review of the board's recomittment order is limited to determining whether any constitutional rights were violated, any errors of law were committed, or whether substantial evidence supports the board's order. *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa.Commonwealth Ct. 356, 487 A.2d 90 (1985).

■ When a parolee alleges that the board held a revocation hearing beyond the 120-day period required under section 71.4(1), the board bears the burden of proving, by a preponderance of the evidence, that a timely revocation hearing was held. *Williams v. Pennsylvania Board of Probation and Parole*, 127 Pa.Commonwealth Ct. 344, 561 A.2d 866 (1989).

Saunders contends that the cases of *Abbruzzese v. Pennsylvania Board of Probation and Parole,* 105 Pa.Commonwealth Ct. 415, 524 A.2d 1049 (1987) and *Capers v. Pennsylvania Board of Probation and Parole,* 42 Pa.Commonwealth Ct. 356, 400 A.2d 922 (1979) control our disposition of this case.

In *Abbruzzese,* the court reversed the board's recommittal order, without requiring petitioner to prove actual prejudice from the delay, because the board held the petitioner's revocation hearing in violation of the 120–day rule.

In *Capers,* the court set aside the board's recommittal order because the board, through its own delays not attributable to the petitioner or his counsel, failed to hold petitioner's revocation hearing within 120 days.

The board contends that the Pennsylvania Supreme Court's decision in *Commonwealth v. Marchesano,* 519 Pa. 1, 544 A.2d 1333 (1988) abolished the rule in *Abbruzzese* and *Capers* that an untimely hearing under the 120–day rule, without requiring proof of actual prejudice, constitutes a violation of a parolee's due process.

In addition to *Marchesano,* the board further contends that a parolee must now prove actual prejudice because the 1980 amendments to the Code deleted the language relied on in *Abbruzzese* and *Capers.*

However, the board's contentions ignore the distinctions between state parole revocation proceedings conducted by the board under the Code and county parole revocation proceedings conducted by the common pleas courts under Pa.R.Crim.P. 1409.

Rule 1409 sets no period for holding a parole revocation hearing, but simply states that a hearing must be held "... as speedily as possible ..." Rule 1409 has been interpreted to require county revocation hearings to be held within a reasonable time from a parole violation. *See Commonwealth v. Gochenaur,* 331 Pa.Superior Ct. 187, 480 A.2d 307 (1984).

On the other hand, state parole revocation cases are governed by section 71.4(1), which requires a revocation hearing to be held within 120 days of a preliminary hearing or official verification of a parolee's new conviction. Section 71.4(1) requires no proof of actual prejudice resulting from a violation of the 120–day rule.

Although the court in *Marchesano* does require proof of actual prejudice resulting from an untimely hearing, *Marchesano* applies only to county parole revocation cases held in common pleas courts under the Pennsylvania Rules of Criminal Procedure.

Because *Marchesano* governs only county parole revocation hearings, we conclude that *Abbruzzese* and *Capers* control our disposition of this case.

■ In the present case, because the delay resulted from the board's failure to adequately notify Saunders and his counsel of the scheduled revocation hearing,[1] the delay must be attributed to the board.

However, under 37 Pa.Code § 71.5(c)(3), the board may grant itself "... reasonable and necessary continuances ..." without tolling the 120–day period.

However, because a delay resulting from the board's failure to give notice is neither "reasonable" nor "necessary," the board's continuance must be included in the time computation under the 120–day rule.

Therefore, because the board did not meet its burden of presenting substantial evidence to support the timeliness of Saunders' revocation hearing, we reverse the board's order and dismiss the parole violation charges with prejudice. *Abbruzzese*.

## ORDER

NOW, January 23, 1990, the order of the Pennsylvania Board of Probation and Parole, dated June 30, 1989, deny-

1. *See Murray v. Jacobs*, 99 Pa.Commonwealth Ct. 39, 512 A.2d 785 (1986) (where the court held that two days notice of a parole revocation hearing did not constitute adequate and proper notice to a parolee and his counsel).

ing Gary Saunders' request for administrative relief and recommitting him to serve eighteen (18) months of backtime as a convicted parole violator, is reversed.