Samuel E. WILEY, Petitioner,

v.

### PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted May 17, 2002.
Decided June 25, 2002.

William Ruzzo, Wilkes-Barre, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

Before PELLEGRINI, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Samuel E. Wiley (Petitioner) petitions for review from the December 14, 2001

order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from a Board order recommitting him to serve eighteen months backtime as a convicted and technical parole violator. We affirm.

Petitioner was originally sentenced in Philadelphia County to a term of incarceration of not less than two years and no more than twenty years for burglary.[1] Over the years, Petitioner was paroled and recommitted on numerous occasions.

While on parole, the New Jersey police arrested Petitioner for various criminal offenses in December of 2000. Following a conviction in New Jersey for third-degree theft,[2] Petitioner was returned to the State Correctional Institution (SCI)-Graterford on June 4, 2001. The Board scheduled a revocation hearing for September 11, 2001.

■ On that morning, however, terrorists attacked the United States. In response to the attacks, then-Governor Tom Ridge ordered the release of all non-essential government employees under his jurisdiction as a precautionary measure.[3] Because the Board is an executive agency within the Governor's jurisdiction,[4] its offices closed on September 11th and Petitioner's hearing was not held.

Thereafter, the Board rescheduled Petitioner's hearing for October 2, 2001. On that date, the Board continued the hearing until October 4, 2001 because the notice of charges and hearing was improperly prepared.

At the October 4, 2001 hearing, Petitioner raised a timeliness objection to the revocation hearing, which was overruled. By Board action of October 22, 2001, Petitioner was recommitted to serve eighteen months backtime as a technical parole violator and twelve months backtime as a convicted parole violator, to run concurrently. Petitioner's request for administrative relief was denied.

■ Petitioner once again challenges the timeliness of the revocation hearing. On review, we are limited to determining whether constitutional rights were violated, an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *McPherson v. Pennsylvania Bd. of Probation and Parole,* 785 A.2d 1079 (Pa. Cmwlth.2001).

■ Where a parolee is confined outside the Department of Corrections' jurisdiction, the Board must hold a revocation hearing within 120 days of the official verification of the parolee's return to a state correctional facility before recommitting the parolee as a convicted parole violator. 37 Pa.Code § 71.4(1)(i). Where the parolee asserts that the Board held a revocation beyond the 120–day period, the Board bears the burden of proving that the hearing was timely. *Taylor v. Pennsylvania Bd. of Probation and Parole,* 154 Pa. Cmwlth. 462, 624 A.2d 225 (1993).

Section 71.5(c)(5) of the Board's regulations, 37 Pa.Code § 71.5(c)(5), provides that

---

1.  18 Pa.C.S. § 3502.

2.  N.J. Stat. Ann. § 2C: 20–2.

3.  We take judicial notice of the historic events of September 11, 2001 and the Governor's response thereto. *See generally Fatemi v. Fatemi,* 371 Pa.Super. 101, 537 A.2d 840 (1988) (matters of history, if sufficiently notorious to be subject to general knowledge, will be judicially noticed).

4.  Section 102 of the Judicial Code, 42 Pa.C.S. § 102, defines "executive agency" as "[t]he Governor and the departments, boards, commissions, authorities and other officers and agencies of the Commonwealth government...."

[i]n determining the period for conducting hearings under this chapter, there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following:

. . . .

(5) An event which could not be reasonably anticipated or controlled by the Board, including, but not limited to, illness, injury, acts of nature and prison or civil disorder.

The record reveals that the Board initially scheduled Petitioner's revocation hearing for September 11, 2001, well within the 120–day time period. Because of the terrorist attacks that day, a continuance was granted to the next available listing. Hence, the Board continued the hearing until October 2, 2001.

A similar situation was addressed in *Jordan v. Pennsylvania Bd. of Probation and Parole,* 704 A.2d 190 (Pa.Cmwlth. 1997). In that case, Jordan was transferred to the SCI–Camp Hill on May 5, 1995 and then transferred to SCI–Coal Township on July 9, 1995. The Board scheduled a revocation hearing for August 17, 1995; however, due to a riot lockdown at SCI–Coal Township, the hearing was continued. The riot lockdown ended on September 14, 1995, at which time the Board rescheduled the revocation hearing for October 19, 1995. Jordan requested a continuance, and the Board's hearing finally took place on November 9, 1995.

On appeal, Jordan challenged the revocation hearing as untimely. We affirmed the Board's denial of administrative relief, concluding that the time period of September 14 through October 19, 1995 was excluded from the 120–day period because it was directly the result of the lockdown and its aftermath. Thus, the November 9, 1995 revocation hearing was deemed timely.

Similarly, the time period of September 11 through October 2, 2001 was directly attributable to the terrorist attacks on the United States, the Governor's closing of state offices and the Board's need to continue the matter until the next available listing. Therefore, it is excluded from the 120–day period.

September 10, 2001 was the ninety-eighth day of the 120–day period. Excluding the time period of September 11 through October 2, 2001, the time period began to run again on October 3, 2001. Thus, the October 4, 2001 revocation hearing was timely.

Accordingly, we affirm.

### ORDER

AND NOW, this 25th day of June, 2002, the December 14, 2001 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.