**Osborne JOHNSON, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 2011.
Decided March 17, 2011.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Osborne Johnson (Johnson) petitions for review from a final determination of the Pennsylvania Board of Probation and Parole (Board) recommitting him to serve 12 months backtime as a convicted parole violator. Because Johnson's revocation hearing was not timely held pursuant to 37 Pa.Code § 71.4,[1] we reverse.

On April 25, 2006, Johnson was paroled to a community corrections center from his 17 to 52 year sentence for multiple counts of robbery and theft. However, on June 8, 2009, he was arrested on new charges and was held in the Philadelphia County Prison. On August 27, 2009, Johnson pleaded guilty to the new charges of criminal conspiracy to commit theft, attempted theft, and simple assault, and was sentenced to serve six to 23 months followed by one year of probation. He was immediately paroled by the sentencing judge, and on September 1, 2009, Johnson returned to the State Correctional Institution (SCI) at Graterford on the Board's detainer.

On September 3, 2009, Henry Smith (Agent Smith), Johnson's parole agent, sent a request to a parole investigator in Philadelphia to obtain certified proof of Johnson's conviction. Agent Smith allegedly made several attempts to obtain the requested information but the Philadelphia Court of Common Pleas did not provide a certified copy of Johnson's guilty plea and sentencing order until November 23, 2009.

■ The Board held a revocation hearing on January 20, 2010, at which time Johnson objected to the timeliness of the hearing. By a revocation decision mailed March 12, 2010, the Board recommitted Johnson as a convicted parole violator to serve 12 months backtime with a new parole violation maximum date of December 27, 2043. Johnson filed an administrative appeal contending that the Board did not meet its burden of proof, the revocation hearing was untimely, and the Board improperly relied on inadmissible hearsay evidence. The Board denied the request for administrative relief and affirmed the decision. This appeal followed.[2]

■ Johnson's main argument on appeal is that the Board failed to meet its

1. That Section provides as follows:
§ 71.4. **Conviction for a new criminal offense.**
The following procedures shall be followed before a parolee is recommitted as a convicted violator:
(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:
(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.
(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

2. Our scope of review of a decision by the Board is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or whether the constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348 (Pa.Cmwlth.2007).

burden of proof[3] to show that his revocation hearing was timely held. According to Johnson, because he was originally incarcerated at the Philadelphia County Prison and returned to SCI Graterford on the Board's warrant on September 1, 2009, the day of his return to state custody marked the start of the applicable 120–day time period under Section 71.4(1)(i). Therefore, he claims he was entitled to a revocation hearing on or before December 30, 2009, and because his revocation hearing was not held until January 20, 2010, it was untimely.

The Board argues that under Section 71.4(1), a parolee's "revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty." 37 Pa.Code § 71.4(1). In this case, the Board did not receive official verification of Johnson's guilty plea until November 23, 2009. According to the Board, this 81–day period of delay must be excluded from the 120–day time period because the delay was directly attributable to an event that could not be controlled by the Board. *See Wiley v. Pennsylvania Board of Probation and Parole,* 801 A.2d 644 (Pa.Cmwlth.2002).

However, the Board's argument fails to acknowledge that Johnson was originally confined in the Philadelphia County Prison, outside the jurisdiction of the Department of Corrections. In such circumstances, the exception to the calculation of the 120–day period found in Section 71.4(1)(i) applies. That section states:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

37 Pa.Code § 71.4(1)(i).

Because Johnson was held in a county correctional institution, his revocation hearing was required to be held within 120 days of the official verification of his return to SCI Graterford.[4] *See Mack v. Pennsylvania Board of Probation and Parole,* 654 A.2d 129 (Pa.Cmwlth.1995); *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa.Cmwlth. 484, 480 A.2d 1298 (1984); *Woods v. Pennsylvania Board of Probation and Parole,* 79 Pa. Cmwlth. 134, 469 A.2d 332 (1983). Contrary to the Board's argument, receipt of the official verification of Johnson's conviction is irrelevant. Johnson returned to SCI Graterford on September 1, 2009. Therefore, his revocation hearing was required to be held within 120 days of that date, which would have been on or before December 30, 2009. Because his revocation hearing was not held until January 20, 2010, the Board failed to meet its burden of establishing that Johnson's revocation hearing was timely.[5]

---

**3.** When a parolee alleges that the Board failed to hold a revocation hearing within the 120–day time period required under 37 Pa.Code § 71.4, the Board bears the burden of proving by a preponderance of the evidence that a timely revocation hearing was indeed held. *Saunders v. Pennsylvania Board of Probation and Parole,* 130 Pa.Cmwlth. 612, 568 A.2d 1370, 1371 (1990).

**4.** Johnson did not waive his right to a revocation hearing by a panel under *Rambeau.*

**5.** Given our determination that the Board failed to meet its burden, Johnson's other arguments on appeal are moot.

Accordingly, we reverse the Board's denial of administrative relief and dismiss the parole violation charge against Johnson with prejudice.

### ORDER

AND NOW, this 17th day of March, 2011, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed and the parole violation charge is dismissed with prejudice.