# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerome Derns, : 
          Petitioner : 
             : 
     v. : No. 379 C.D. 2019
             : Submitted: October 4, 2019
Pennsylvania Board of : 
Probation and Parole, : 
          Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: February 21, 2020**

Petitioner Jerome Derns (Derns) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), dated March 7, 2019. The Board granted Derns' request for administrative relief only to the extent that it recalculated his parole violation maximum date as July 11, 2024 (as opposed to August 30, 2024, as previously calculated by the Board). For the reasons set forth below, we affirm.

On June 12, 2008, Derns pled guilty to drug and firearm charges and received a sentence of 4 to 10 years. (Certified Record (C.R.) at 1-5.) Prior to pleading guilty to those charges, Derns had pled guilty to similar charges on March 14, 2007, and September 10, 2007, one of which resulted in a sentence

of 5 to 15 years. (*Id.*) As a result of these various sentences, some of which resulted in underlapping maximum sentences and overlapping minimum sentences, Derns had a minimum sentence date of September 10, 2012, and a maximum sentence date of March 1, 2022. (*Id.*) By action recorded March 15, 2013, the Board granted Derns parole. (*Id.* at 8.) Derns was officially released from confinement on May 6, 2013. (*Id.* at 11.) At the time of his parole, his maximum sentence date was March 1, 2022. (*Id.* at 9.)

On June 25, 2013, following a tip regarding various parole violations, parole agents took Derns into custody and issued a warrant to commit and detain. (*Id.* at 15-19.) By Board decision recorded on December 20, 2013, the Board recommitted Derns as a technical parole violator to serve six months' backtime. (*Id.* at 55.) Within the same decision, the Board also automatically granted Derns re-parole on December 25, 2013. (*Id.*) Derns was released from confinement on January 12, 2014. (*Id.* at 58.) At the time of his re-parole, Derns had a parole violation maximum sentence date of March 1, 2022.[1] (*Id.* at 55.)

On January 29, 2016, in connection with a search of Derns' residence following a tip, the Board issued a warrant to commit and detain Derns for violations of his parole. (*Id.* at 68, 85.) On January 30, 2016, police arrested Derns, and the Bucks County District Attorney charged Derns with various crimes under The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 to -144, and for possession of a firearm. The Court of Common Pleas of Bucks County (common pleas court) set Derns' monetary bail on January 30, 2016. (*Id.* at 106.) Derns remained detained

---

[1] Given that the Board recommitted Derns as a technical parole violator, the Board gave him credit for the time served on parole in good standing. *See* 61 Pa. C.S. § 6138(2). Thus, his maximum date did not change.

at the Bucks County Jail until the common pleas court changed his bail to nonmonetary bail on February 2, 2016. (*Id.* at 105-06.) The Board issued a notice of charges on February 5, 2016. (*Id.* at 77.) By Board decision recorded March 30, 2016, the Board ordered Derns to be detained throughout the duration of the disposition of his new criminal charges. (*Id.* at 84.) The Board reconsidered the detention of Derns after six months had passed with his new criminal charges still pending. (*Id.* at 86.) By decision recorded September 22, 2016, the Board again ordered Derns to be detained throughout the duration of the disposition of his new criminal charges. (*Id.* at 86-87.)

On March 6, 2017, Derns was found guilty and sentenced for various crimes under the Drug Act and for possession of a firearm. (*Id.* at 111-12.) For the firearms conviction, the common pleas court sentenced Derns to a term of 5 to 10 years' incarceration. (*Id.* at 111.) For the crime of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, the common pleas court sentenced Derns to a term of 30 months to 10 years, to be served concurrently with other (lesser) criminal sentences imposed by the common pleas court. (*Id.*) The Board received official verification of the convictions on March 23, 2017. (*Id.* at 91.)

On May 31, 2017, the Board issued a notice of charges and scheduled a parole revocation hearing for June 9, 2017, based on Derns' status as a convicted parole violator (CPV). (*Id.* at 93.) On that same date, Derns signed a Waiver of Revocation Hearing and Counsel/Admission Form, thereby waiving his right to a revocation hearing, the right to a panel hearing, and the right to have counsel present at that hearing. (*Id.* at 95-96.) By signing this form, Derns also admitted to his new criminal convictions. (*Id.* at 95.) By Board decision recorded July 3, 2017, the

3

Board recommitted Derns as a CPV to serve 36 months' backtime. (*Id.* at 130.) The Board recalculated Derns' parole violation maximum sentence date to be August 30, 2024. (*Id.* at 128.)

Derns challenged the Board's decision by filing a request for administrative relief on August 8, 2017, essentially arguing: (1) the Board erred in its recalculation of his new maximum sentence date because it, allegedly, improperly added an additional 2 years, 5 months, and 29 days to his true maximum sentence date of March 1, 2022; (2) the Board failed to provide a parole revocation hearing within the mandated 120-day period; and (3) Derns' recommitment extends beyond the remainder of his unexpired maximum term on his original criminal sentence. (*Id.* at 136-39.)

On March 7, 2019, the Board granted Derns' request for administrative relief. (*Id.* at 144-45.) The Board found that its original recalculation of Derns' parole violation maximum date was incorrect, that the correct date is July 11, 2024, and that the Board should have provided an explanation for its determination to deny him credit for all time spent at liberty on parole. (*Id.*) With regard to the recalculation of Derns' parole violation maximum date, the Board reasoned:

> You were released on parole on January 12, 2014, with a maximum sentence date of March 1, 2022. At that point, 2970 days remained on your sentence. The Board has the authority to establish a parole violation maximum date in cases of [CPVs]. *See Young v. [Cmwlth.]*, 409 A.2d 843 (Pa. 1979); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because you were recommitted as a [CPV], you are required to serve the remainder of your original term and are not entitled to credit for any periods of time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board did not award you credit for time at liberty on parole. You are entitled to 399 days credit for detention prior to sentencing because you were detained solely by the Board from

4

January 29, 2016[,] to January 30, 2016 (1 day) and from February 2, 2016[,] to March 6, 2017 (398 days). *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980). On March 6, 2017, you were sentenced to incarceration in state prison. Because you were sentenced to state incarceration, you are required to serve your original sentence prior to your new sentence. 61 Pa. C.S. § 6138(a)(5)(i). However, that provision does not take effect until a parolee is recommitted as a [CPV]. Thus, you did not become available to commence service of your original sentence until the Board voted to recommit you as a parole violator on June 27, 2017. *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980). Adding 1179[2] days to that date results in a July 11, 2024 parole violation maximum date. You will receive a Board decision with the corrected date under separate cover.

To the extent you claim the Board erred because it did not provide reasons when it exercised its discretion against awarding you credit for time at liberty on parole, this matter has been remanded to the Board.[3]

(*Id.*)

---

[2] For reasons unclear to this Court, the Board, in its determination, stated that it was adding 1,179 days to the date on which the Board voted to recommit Derns as a CPV—*i.e.*, June 27, 2017—when, in fact, it actually added 2,571 days to that date. Adding 2,571 days (not 1,179), results in a parole violation maximum date of July 11, 2024, as stated in the Board's determination. A review of the Board's order to recommit reveals that the Board had actually calculated that Derns had 2,571 days (not 1,179) remaining on his sentence at the time the Board voted to recommit him as a CPV. (C.R. at 152.) Thus, it is apparent to this Court that the Board's reference in its determination to 1,179 days (as opposed to 2,571) is a typographical error, as the figure does not appear to be based on the certified record. Nonetheless, it is also apparent that, in its determination, the Board calculated the parole violation maximum date using the figure 2,571, consistent with its order to recommit. Thus, we will proceed with our review as if the Board had referenced the figure 2,571 (not 1,179). Additionally, we express concern that the Board's determination contains such an obvious error.

[3] By Board decision recorded March 15, 2019, the Board set forth its reason for denying Derns credit for all time spent at liberty on parole, stating that it did so because his "new conviction involved possession of a weapon." (C.R. at 152.)

5

On appeal to this Court,[4] Derns first argues that the Board failed to hold his revocation hearing within the 120-day period required by Section 71.4(1) of the Board's regulations, 37 Pa. Code § 71.4(1). Derns also argues that the Board erred or abused its discretion in denying him credit.

We first consider Derns' argument that the Board failed to conduct a timely revocation hearing. Derns appears to argue that the 120-day period during which the Board is to conduct a revocation hearing began to run on his return to a state correctional institution, regardless of the fact that the Board had not received official verification of his relevant convictions. The Board counters that Derns waived his right to a revocation hearing and, therefore, cannot challenge the timeliness of any such hearing.

Generally, the Board bears the burden to prove by a preponderance of the evidence that it held a timely revocation hearing for a parolee. *Saunders v. Pa. Bd. of Prob. & Parole*, 568 A.2d 1370, 1371 (Pa. Cmwlth.), *appeal denied*, 590 A.2d 760 (Pa. 1990). Pursuant to Section 71.4(1) of the Board's regulations, the Board must abide by the following procedure before a parolee can be recommitted as a CPV: "A revocation hearing shall be held within 120 days from the date the Board received official verification[5] of the . . . guilty verdict at the highest trial court level . . . ." A parolee, however, may waive his right to a parole revocation hearing before the Board. *Prebella v. Pa. Bd. of Prob. & Parole*, 942 A.2d 257, 261 (Pa. Cmwlth. 2008). This Court has held that once a parolee

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

[5] "Official verification" is defined as an "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1 (definitions).

6

waives his right to a revocation hearing, he also waives his right to later challenge the hearing's timeliness. *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 671 n.6 (Pa. Cmwlth. 2018); *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013).

Here, Derns signed the Waiver of Revocation Hearing and Counsel/Admission form on May 31, 2017. (C.R. at 95-96.) Derns' challenge to the timeliness of a revocation is, therefore, without merit, because he waived his right to challenge the timeliness of a revocation hearing when he signed the form waiving his right to the hearing itself. Moreover, we note that the Board received official verification of the relevant convictions on March 23, 2017, and Derns signed the waiver just 69 days later on May 31, 2017, well within the 120-day period set forth in the Board's regulations.

We next consider whether the Board erred or abused its discretion by denying Derns credit. Specifically, Derns argues that the Board did not give him credit for time he spent in custody on the detainer lodged by the Board. Although Derns does not identify with any specificity the time period for which he is seeking credit, he asserts that he should have received credit on the sentence that he is currently serving for all time that he was being held on the Board's detainer. Derns further asserts that, had the Board awarded him such credit, his maximum sentence date of March 1, 2022, would not have changed. Based upon this assertion, it appears that Derns could also be arguing that the Board erred in denying him credit for time spent at liberty on parole. For the reasons set forth below, we cannot conclude that the Board improperly denied Derns credit.

Section 6138(a) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a), provides, in part:

(a) Convicted violators.--

7

(1) *A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty* by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, *may at the discretion of the board be recommitted as a parole violator.*

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

(2.1) *The board may, in its discretion, award credit to a parolee recommitted* under paragraph (2) for the time spent at liberty on parole, *unless* any of the following apply:

    (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

    (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

(Emphasis added.)

Although Section 6138(a) of the Prisons and Parole Code gives the Board discretion to award credit for the time spent at liberty on parole, when deciding not to award such credit, the Board must "provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017).

8

Accordingly, so long as the Board provides a reason for denying credit for street time, it has sufficiently exercised its discretionary power.

In addition to the discretionary credit for periods of time spent at liberty on parole discussed above, a parolee may be entitled to credit on the sentence from which he was paroled for time spent in confinement prior to sentencing on a subsequent criminal conviction. When the Board has lodged a detainer and the parolee has not posted bail on his new criminal charges, such that the parolee is being confined on both the Board's detainer and as a result of the pending criminal charge, pre-sentence confinement credit must be applied to reduce the new sentence of incarceration unless the credit would exceed that new sentence of incarceration. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d. 299, 307-09 (Pa. 2003). To the contrary, when a parolee has posted bail, such that he is detained solely on the Board's warrant, the Board must apply the pre-sentence confinement credit to reduce the unserved balance of the sentence from which the parolee was paroled. *Gaito*, 412 A.2d at 571.

Furthermore, whether time spent in confinement subsequent to sentencing is applied to the sentence from which a parolee was paroled or to the sentence for a new criminal conviction depends upon whether the Board has recommitted the parolee. As noted above, Section 6138(a)(4) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(4), provides that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution *as a parole violator*." (Emphasis added.) The provisions of Section 6138(a)(4), therefore, become operative only once the Board has revoked parole. *See Barnes v.*

*Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391-92 (Pa. Cmwlth. 2019). In *Barnes*, we explained:

> [I]t is well established that the requirement that a CPV serve the balance of his original sentence is only operative once "parole has been revoked and the remainder of the original sentence becomes due and owing." Therefore, "credit for time a CPV spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV.

*Id.* (citations omitted).

In this case, the common pleas court convicted and sentenced Derns for new offenses on March 6, 2017. As a result of the new criminal convictions, the Board had jurisdiction to recommit him as a CPV. After properly recommitting Derns, the Board then had the discretion to deny or grant Derns credit for any and all time spent at liberty on parole. The Board exercised this discretion and denied Derns credit for all time spent at liberty on parole, but it failed to provide a reason for its decision not to award credit. In order to comply with the Supreme Court's decision in *Pittman*, which requires the Board to state its reason(s) for denying credit for time spent at liberty on parole, the Board remanded the matter for an explanation as to why the Board denied Derns credit. On remand, the Board explained that it denied Derns credit for time spent at liberty on parole because he received a new "[c]onviction [that] involved possession of a weapon." (C.R. at 152.) Derns does not argue that the Board erred in remanding for an explanation of the reason for the denial of credit, nor does he direct any argument to the Board's subsequent explanation. We cannot ascertain any error or abuse of discretion in the Board's denial of credit for time Derns spent at liberty on parole.

10

Our review reveals that the Board properly recalculated Derns' new parole violation maximum date to be July 11, 2024, because it credited his original sentence with all time spent detained solely on the Board's warrant. At the time of his parole on January 12, 2014, Derns had a parole violation maximum date of March 1, 2022, leaving 2,970 days on his original sentence. (*Id.* at 63, 147.) Parole agents took Derns into custody on January 29, 2016, and the District Attorney of Bucks County criminally charged him on January 30, 2016. (*Id.* at 90, 105.) The Board detained Derns on its warrant from the day Derns posted bail on February 2, 2016, until the day Derns received his new criminal conviction and sentence on March 6, 2017. (*Id.* at 106, 111-12.) The Board properly granted Derns 399 days credit for the time spent detained solely by the Board (from January 29, 2016, until January 30, 2016, and from February 2, 2017, until March 6, 2017). (*Id.* at 144, 147.) Only 2,571 days, therefore, remained on Derns' original sentence. (*Id.* at 147.) Derns did not become available to begin serving his original sentence until the Board recommitted him as a CPV on June 27, 2017. (*Id.* at 144.) In order to recalculate his new parole violation maximum date of July 11, 2024, the Board added the 2,571 days remaining on his original sentence onto his June 27, 2017 recommitment date. (*Id.* at 104.) The Board, therefore, properly recalculated Derns' new parole violation maximum date.

Accordingly, we affirm the Board's final determination.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerome Derns,                          :
                    Petitioner         :
                                       :
         v.                            :    No. 379 C.D. 2019
                                       :
Pennsylvania Board of                  :
Probation and Parole,                  :
                    Respondent         :

# **O R D E R**

AND NOW, this 21st day of February, 2020, the final determination of the Pennsylvania Board of Probation and Parole, dated March 7, 2019, is AFFIRMED.

<br>

P. KEVIN BROBSON, Judge