579 A.2d 1369

**Donald WILLIAMS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 28, 1990.

Decided Sept. 6, 1990.

598

David Crowley, Centre County Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Donald Williams (Petitioner) has filed a petition for review from a letter of the Pennsylvania Board of Probation and Parole (Board), dated January 8, 1990, denying his administrative appeal. We vacate and remand.

On November 15, 1985, the Board released Petitioner on parole. On June 30, 1987, authorities in Milledgeville, Georgia arrested petitioner on new criminal charges. As a result of these charges, Petitioner was incarcerated in a Georgia state correctional facility. Thereafter, by a letter dated November 28, 1988, the Georgia State Board of Pardons and Paroles (Georgia Board) advised Petitioner that he was scheduled for parole on December 9, 1988 but that this date was tentative until actual release. Certified Record (C.R.) at 63. Petitioner was not actually paroled until August 23, 1989 when he was transferred into the custody of Pennsylvania authorities. C.R. at 30 and 32–33.

On October 25, 1989, the Board held a revocation hearing to determine whether Petitioner should be recommitted as a parole violator. At that time, counsel for Petitioner objected to the timeliness of the hearing. Notes of Testimony (N.T.), dated October 25, 1989, at 12. By order dated November 7, 1989, the Board recommitted Petitioner to

serve forty-eight months backtime. On December 4, 1989, Petitioner filed an administrative appeal in which he again objected to the timeliness of the revocation hearing. Petition for Administrative Relief at 2. The Board denied Petitioner's administrative appeal on January 8, 1990 and he filed the present petition for review on January 29, 1990.

■ Petitioner argues that the revocation hearing, which the Board held eleven months after his tentative release date, was untimely and therefore violative of his due process rights. The Board contends that Petitioner waived this issue by failing to raise it at the revocation hearing and, in the alternative, that Georgia authorities did not actually release Petitioner until August 23, 1989. Our scope of review is limited to determining whether the Board made necessary findings unsupported by substantial evidence, committed an error of law or violated any constitutional rights. *Johnson v. Pennsylvania Board of Probation and Parole*, 98 Pa.Commonwealth Ct. 294, 511 A.2d 894 (1986).

■ With regard to the Board's waiver argument, the record reveals that Petitioner objected to the timeliness of the revocation hearing both at the hearing itself and in his Petition for Administrative Relief. We therefore find that the timeliness issue has been preserved for our review and we will address it on the merits.

With regard to Petitioner's due process argument, the Board's regulation, 37 Pa.Code § 71.4(1)(i), provides that:

> If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

This regulation is based upon the well-established principle that the 120–day period does not begin to run until the Board acquires jurisdiction over the parolee.[1]

"When a parolee alleges that the [B]oard held a revocation hearing beyond the 120–day period ..., the [B]oard bears the burden of proving, by a preponderance of the evidence, that a timely revocation hearing was held." *Saunders v. Pennsylvania Board of Probation and Parole*, 130 Pa.Commonwealth Ct. 612, 614, 568 A.2d 1370, 1371 (1990). Our review of the record reveals no official verification which would indicate when the Board learned that Petitioner was available for transfer and subject to the Board's jurisdiction. The November 28, 1988 letter from the Georgia Board is ambiguous because it fails to specify why the December 9, 1988 release date was tentative. Moreover, Petitioner testified that his release was delayed because of the detainer lodged against him by the Board, N.T. at 11, and that, although he waived extradition, Pennsylvania authorities did not come for him until August. N.T. at 15. Chairman Jacobs stated that the delay appeared to be caused by a problem with extradition. N.T. at 15.

When the record contains no official verification, the 120–day period begins to run on the date that the Board could have obtained official verification. *See Murray v. Jacobs*, 99 Pa.Commonwealth Ct. 39, 47, 512 A.2d 785, 789 (1986). The present situation is analogous to a parolee being held in a county institution at the Board's request.

1. *See Toth v. Pennsylvania Board of Probation and Parole*, 79 Pa.Commonwealth Ct. 620, 470 A.2d 206 (1984); *see also Terrell v. Jacobs*, 37 Pa.Commonwealth Ct. 493, 390 A.2d 1379 (1978). This principle developed as a result of *United States ex rel. Burgess v. Lindsey*, 395 F.Supp. 404 (E.D.Pa.1975), where the court held that a nine month delay between a parolee's conviction and revocation hearing was unreasonable even though it was due to the Board's awaiting the parolee's sentencing on the new conviction. In accordance with Judge Higginbotham's unpublished order in *Burgess v. Lindsey*, the pertinent provisions of which appear in footnote 2 of *Terrell v. Jacobs*, 37 Pa.Commonwealth Ct. at 496, 390 A.2d at 1380–81, n. 2, the Board changed its regulation governing when a full Board revocation hearing must be held.

Under such circumstances the 120–day time limitation is not tolled but begins to run from the date of release by county authorities. *Id.*, 99 Pa.Commonwealth Ct. at 46, 512 A.2d at 789. Indeed, if the regulation were interpreted to permit the Board to toll the 120–day period by simply leaving Petitioner in Georgia, there could be a denial of due process. Unreasonable and unjustifiable delays which are not attributable to the parolee or his counsel do not toll the running of the 120 days.

■ Because the record offers no clear explanation for the delay between December and August, we are unable to complete our appellate review. We therefore remand this matter to the Board for a determination as to when Georgia made Petitioner available to Pennsylvania authorities, and whether the Board acted with reasonable dispatch to return Petitioner to Pennsylvania. Obviously, the Board cannot arbitrarily choose to leave a parolee in confinement in another state.

Accordingly, we vacate the Board's denial of Petitioner's administrative appeal and remand for a determination consistent with this opinion.

## ORDER

AND NOW, this 6th day of September, 1990, we hereby vacate the letter of the Pennsylvania Board of Probation and Parole, Dated January 8, 1990, denying the above-captioned administrative appeal and remand this matter for a decision consistent with our opinion.

Jurisdiction relinquished.