584 A.2d 1092

**Kyung J. CHOI, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 1990.

Decided Dec. 21, 1990.

David Crowley, Chief Public Defender, Bellefonte, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Kyung J. Choi (Petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a parole revocation order which recommitted Petitioner as a convicted parole violator to a state correctional institution, when available, to serve 30 months backtime. We affirm.

While on parole from several sentences for retail theft, Petitioner plead guilty to armed robbery in the Superior Court of Bergen County, New Jersey. On August 11, 1989 he was sentenced to seven years imprisonment for armed robbery, said sentence to run concurrently with other sentences he was then serving in Pennsylvania.

The Board received a sentence status change report (report) from a record officer of the Pennsylvania Department of Corrections on October 6, 1989, informing the Board of the above sentence.[1] A panel hearing was requested by Petitioner on December 4, 1989.[2] The record reflects that written notification of the conviction was received from the court in New Jersey by the Board on December 8, 1989. The Board's notification of charges and scheduling of a

---

1. Apparently, the Petitioner himself informed the record officer about the arrest and conviction in New Jersey. N.T. at 50–51.

2. It is not clear from the record what prompted Petitioner's request for a hearing, or why the request preceded the Board's notice to Petitioner of a revocation hearing.

panel revocation hearing was received by Petitioner on March 12, 1990. The hearing was held on March 21, 1990, on which date the Board entered the order which is the subject of this appeal. Petitioner then petitioned for administrative relief alleging that the Board erred in revoking his parole because Petitioner's panel hearing was not held within 120 days of the date the Board received official verification of his conviction in New Jersey.[3]

The issues presented are 1) whether the report received by the Board on October 6, 1989, constituted official verification of the New Jersey conviction under the Board's regulations; and 2) whether the Board granted Petitioner a timely hearing.

On appeal,[4] Petitioner argues that the Board received official verification when it received the report or, in the alternative, that the Board should have sought official verification soon after the receipt of the report. Petitioner argues that the time delay was unreasonable and violative of his due process rights.

We note that when a parolee alleges that the Board held a revocation hearing beyond the 120 day period, the Board bears the burden of proving, by a preponderance of the evidence, that a timely revocation hearing was held. *Saunders v. Pennsylvania Board of Probation and Parole,* 130 Pa.Commonwealth Ct. 612, 568 A.2d 1370 (1990). In the case at bar, the Board presented evidence that the sentencing order of the New Jersey court was received by the Board on December 8, 1989. The Board alleges in its

---

3. 37 Pa.Code 71.4 states the following in pertinent part:
   The following procedures shall be followed before a parolee is recommitted as a convicted violator:
       (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level ...

4. Our scope of review of a Board decision is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are supported by substantial evidence. *Carter v. Pennsylvania Board of Probation and Parole,* 117 Pa.Commonwealth Ct. 635, 544 A.2d 107 (1988).

brief that this was the first document from the court in New Jersey verifying the conviction received by the Board. The Board relies on the definition of official verification in the regulation to support its argument that the report of the record officer of the Department of Corrections did not constitute official verification. The following is set forth in the definitional section of the Board's regulations:

Official verification—Actual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted.

37 Pa.Code 61.1.

According to the plain language of the regulation, the October 6, 1989 report from the Board of Corrections could not be an official verification of the conviction. It contained no written communication from the New Jersey Court.

As to the second issue, it is clear that the revocation hearing was timely because it was held 103 days from the date official verification was received. We conclude, therefore, that substantial evidence supports the Board's finding. Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, December 21, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.