623 A.2d 376

**Herbert FITZHUGH, Petitioner,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 23, 1992.

Decided March 10, 1993.

Raymond Roberts, Asst. Public Defender, for petitioner.
Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before McGINLEY, and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Herbert Fitzhugh (Petitioner) petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board) that denied his petition for administrative relief from an order of the Board recommitting him as a convicted parole violator. The scope of our review of a decision of the Board is limited to determining whether there has been an error of law

or a violation of constitutional rights and whether necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Johnson v. Pennsylvania Board of Probation and Parole*, 98 Pa.Commonwealth Ct. 294, 511 A.2d 894 (1986).

The Board released Petitioner on parole on November 9, 1985. Certified Record (C.R.) 5. On July 3, 1991, Petitioner pleaded guilty to robbery and other crimes in the Philadelphia County Court of Common Pleas. C.R. 50–61. The Board's court liaison office date-stamped a packet of court records as received on November 26, 1991, including one attesting to a robbery guilty plea, and Petitioner's supervising parole agent reported receipt of those records on the same day. C.R. 39, 51, 57.

The Board held a revocation hearing for Petitioner on February 27, 1992. Certified Supplemental Record (C.S.R.). At that time counsel for Petitioner questioned the timeliness of the hearing. Notes of Testimony of February 27, 1992 (N.T.) 7–9; C.S.R. On March 26, 1992, the Board recorded a decision to recommit Petitioner to serve forty-eight months of backtime, when available; it mailed a decision to him on May 6, 1992. C.R. 62. Petitioner filed a Petition for Administrative Review and Relief with the Board on May 18, 1992, again challenging the timeliness of the revocation hearing. C.R. 67–68. The Board denied Petitioner's administrative appeal by a letter of June 25, 1992, C.R. 69, and Petitioner now requests our review.

The Board's regulation at 37 Pa.Code § 71.4(1) provides in part: "(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level...." The definition of "Official verification" in 37 Pa.Code § 61.2 is, "Actual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." When a parolee alleges that the Board held a hearing beyond the 120–day period, the Board bears the burden of

proving, by a preponderance of the evidence, that the hearing was timely. *Saunders v. Pennsylvania Board of Probation and Parole,* 130 Pa.Commonwealth Ct. 612, 568 A.2d 1370 (1990).

Petitioner frames the question presented as whether the parole hearing was timely under Section 71.4(1) where the supervising parole agent actually was notified that Petitioner was convicted on July 3, 1991, but the Board used the date that its agent went to the courthouse and retrieved the certified conviction records, November 26, 1991, as the date triggering the 120–day period, resulting in a hearing conducted 234 days after the conviction.

In his brief to this court Petitioner alleges that the Board has employees in the court system, known as Parole Board Liaisons (liaisons), whose sole function is to retrieve conviction records. He asserts that in Philadelphia these records are made available to the liaisons no later than a few days after the sentence is handed down, and the liaisons are notified daily via a document known as the "Daily Trial Results Summary/New Arrest Sheets," which reflects all arrests and convictions in the Philadelphia court system. The names of all probationers and parolees under the jurisdiction of the Board are highlighted and extracted. The parole agent is then notified of the conviction. Brief for Petitioner at 7–8. The Board's brief expressly challenges the above assertions of Petitioner as "allegations dehors the record" made before the Board. Respondent's Brief at 4.

Petitioner acknowledges the principle expressed in *Abbruzzese v. Pennsylvania Board of Probation and Parole,* 105 Pa.Commonwealth Ct. 415, 524 A.2d 1049 (1987), and many other cases, that the 120–day period under Section 71.4(1) runs from the time when the Board receives official verification of the conviction. Petitioner argues that this analysis rests on a mistaken assumption that trial courts discharge an affirmative duty to forward the conviction records to the Board. Petitioner asserts that once a defendant is convicted and the court makes the relevant records *available* to the Board, the court's duty ends. He alleges, however, that the

Board has instructed its parole agents that the time begins to run only when an agent of the Board goes to the courthouse and retrieves the records. He alleges that in many cases the revocation hearing is scheduled *before* the record is retrieved from the court, and an otherwise untimely hearing can be made to appear timely by the simple expedient of retrieving and date-stamping the record near the date of the hearing. He alleges that the Board's practice is susceptible to abuse whereby a Board agent can retrieve the records after "143 days of inexplicable negligent delay," such as occurred here in Petitioner's case. Brief for Petitioner at 6.

The Board contends that this court rejected a similar argument in *Choi v. Pennsylvania Board of Probation and Parole,* 136 Pa.Commonwealth Ct. 728, 584 A.2d 1092 (1990). In *Choi* the Board received a sentence status change report from the Pennsylvania Department of Corrections concerning the conviction of a parolee in New Jersey on October 6, 1989. The Board received a written notification of the conviction from the court in New Jersey on December 8, 1989. After review of the parolee's challenge to the timeliness of the revocation hearing we held that the earlier communication was not an "official verification" within the regulatory definition of that term because it contained no written communication from the New Jersey court.

The present case is readily distinguishable from *Choi,* because here Petitioner alleges that the conviction records—the written communication from the convicting court—are made available to the Board. The delay arises not from waiting on a communication from an out-of-state court but rather from the Board's allegedly choosing a time of its pleasing to physically retrieve records and essentially deciding when to "receive" the communication and notice.

Much closer to the circumstances of the present case are those of *Williams v. Pennsylvania Board of Probation and Parole,* 134 Pa.Commonwealth Ct. 597, 579 A.2d 1369 (1990). There a Pennsylvania parolee was convicted and incarcerated in Georgia. He was paroled from Georgia and transferred to the custody of Pennsylvania authorities on August 23, 1989,

although he had earlier received a notice from the Georgia State Board of Pardons and Paroles that he was tentatively scheduled for parole in December of 1988, and he testified that he had waived extradition. He asserted that his Georgia parole was delayed because of the Pennsylvania detainer, and that the Pennsylvania authorities did not come for him until August. There was no official verification of a return to a state correctional facility as required by 37 Pa.Code § 71.-4(1)(i), which provides that where a parolee is outside the jurisdiction of the Department of Corrections, as in confinement out-of-state or in a federal or county institution, the 120–day period runs from the time of official verification of such return.

This court concluded that the situation was analogous to one where a county institution releases the parolee from confinement on county charges but holds him or her at the Board's request. We held that where there is no official verification, the 120–period begins to run from the time the Board could have obtained verification:

> Under such circumstances the 120–day time limitation is not tolled but begins to run from the date of release by county authorities.... Indeed, if the regulation were interpreted to permit the Board to toll the 120–day period by simply leaving Petitioner in Georgia, there could be a denial of due process. *Unreasonable and unjustifiable delays which are not attributable to the parolee or his counsel do not toll the running of the 120 days.*

*Williams,* 134 Pa.Commonwealth Ct. at 602, 579 A.2d at 1371–72 (citation omitted) (emphasis added). In *Williams* the record offered no clear explanation for the delay between December and August, and we were unable to complete our appellate review. We remanded the case to the Board for a determination as to when Georgia made the parolee available to Pennsylvania authorities and whether the Board acted with reasonable dispatch to return him to Pennsylvania.

■ In the present case, when Petitioner's counsel raised the question of the timeliness of the revocation hearing at the hearing, the examiner stated that a timeliness issue is a

matter that is separate and distinct from the regular hearing and that the objection was noted and the case would be sent to the Board with that issue in mind. Petitioner's counsel therefore was prevented from cross-examining the Petitioner's parole agent in regard to the timeliness issue. C.S.R. 7–9. The examiner's report to the Board indicated that the examiner believed that the February 27 hearing was timely as to convictions on some charges that were marked received by the Board on November 26, but not timely as to others marked received on September 19. C.R. 44, 45. The Board's original order of revocation and subsequent amendments to that order make no mention of the question of timeliness. The Board's letter denying administrative relief states only, "Inasmuch as the official court document verifying Mr. Fitzhugh's conviction for robbery at # 91–02–1912 was actually received by the Board less than 120 days prior to the Revocation Hearing, the hearing was timely. 37 Pa.Code § 71.4(1)." C.R. 69.

As noted above, the Board objects to Petitioner's argument that the Board and his parole agent were actually notified long before receipt of the official verification on November 26, 1991, and argues that Petitioner's allegations involve matters outside the record. Also the Board asserts there was no reason to offer any evidence on the issue raised by Petitioner's allegations because of the holding in *Choi.* We disagree. In this case, as in *Williams,* we are unable to complete our appellate review because the record offers no clear explanation for the extended delay between the time of conviction and the time of "official verification" by the Board of that conviction.

We remand to the Board for proceedings adequate to establish the facts relating to the 143–day period between the conviction and the receipt of the conviction records. Should such a proceeding bear out the allegations made by Petitioner—that the Board was aware of the conviction and the availability of the conviction records but did not retrieve them—there is a possibility there was an unreasonable and unjustifiable delay such as the possibility that concerned this

court in *Williams*. The Board must justify not holding a timely hearing.

■ The regulation at 37 Pa.Code § 71.5(c) lists circumstances that shall not be included in determining the 120–day period, including the unavailability of a parolee or counsel, continuances granted at the request of a parolee or counsel or at the reasonable request of the Board or its employees, a change of decision by a parolee regarding the right to a panel decision and an event that could not reasonably be anticipated, such as illness, injury, acts of nature or prison or civil disorder. Should those or similar circumstances be proved, the Board would have an excuse or justification for the relevant period. However, we reject the notion that a parolee convicted of a new offense may be forced to wait for an unreasonable period for a revocation hearing until the Board chooses to retrieve his records, even though the Board has actual notice of the new conviction. Where the Board fails to present evidence sufficient to meet its burden of proving timeliness, the appropriate remedy is a dismissal of the violation charges with prejudice. *Johnson v. Pennsylvania Board of Probation and Parole*, 129 Pa.Commonwealth Ct. 652, 566 A.2d 918 (1989); *Abbruzzese.*

### ORDER

AND NOW, this 10th day of March, 1993, we hereby vacate the letter-order of the Pennsylvania Board of Probation and Parole dated June 25, 1992, denying the above-captioned administrative appeal. This matter is remanded to the Board to conduct a hearing to determine:

(1) whether the Board has employees who act as liaisons between the Board and the court system;

(2) if so, whether the Board's liaison officers or any other employees had actual knowledge of Petitioner Fitzhugh's pleas of guilty on July 3, 1991, before the time of the Board's date-stamp of receipt of the records of conviction of Petitioner 146 days later on November 26, 1991;

(3) if so, what was the source of this knowledge;

(4) if Board employees had knowledge of Petitioner's conviction at or about the time of the conviction, did they communicate that knowledge to Petitioner's supervising parole agent or to any administrative officials of the Board;

(5) if the Petitioner's supervising parole agent or other Board officials had notice of his conviction near the time it occurred, is there any reason that the records of that conviction were not received and date-stamped at the time the Board had such knowledge.

Jurisdiction relinquished.

SILVESTRI, Senior Judge, dissenting.

In the first paragraph of the opinion, the majority accurately states that our scope of review of a Board decision is limited; if no errors of law or violations of constitutional rights have occurred, we simply perform our appellate review by ascertaining whether necessary findings of fact are supported by substantial evidence *in the record.* The jurisdiction of this court is fixed by the legislature and statutorily set forth at 2 Pa.C.S. § 704. We have exceeded our appellate authority when we reach beyond the jurisdiction granted to us. However, the majority overlooks the scope of review of this court when it proceeds to look to "evidence" outside the record and unsubstantiated assertions and allegations in Petitioner's brief which it then relies upon to justify a remand in this case. Such reliance is inappropriate. "Evidence" outside the record does not constitute evidence.

There is no dispute procedurally that official verification was received by the Board on November 26, 1991, a parole revocation hearing was held on February 27, 1992, the scheduled revocation hearing was within 120 days of the Board's receipt of Petitioner's guilty plea. Thus, applying our limited standard of review to the record before us, the order of the Board must be affirmed.

Two problems exist with the majority's reliance upon the unsubstantiated allegations advanced by Petitioner in his brief. First, nothing in the official record before the Board

substantiates the averments. Second, Petitioner's appeal for reform of probation and parole regulations should be addressed to the legislature, not to this court. By allowing a remand the majority creates by implication a new method of record retrieval in parole proceedings.

I would affirm. Accordingly, I dissent.