Alvin **MORGAN**, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 9, 2002.

Decided Jan. 6, 2003.

William Ruzzo, Wilkes Barre, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge and COHN, Judge.

OPINION BY Judge COHN.

Alvin Morgan (Morgan) petitions for review of the October 3, 2001 Order of the Pennsylvania Board of Probation and Parole (Board) recommitting him to a state correctional institution as a technical parole violator to serve twelve (12) months, and as a convicted parole violator to serve 60 months backtime concurrently, for a total of 60 months backtime, when available, alleging that his revocation hearing was not timely. We affirm the Board.

The relevant facts of the case are as follows. Morgan was paroled on July 9, 1998. On February 16, 2000, he was arrested on new criminal charges and confined in the Philadelphia County Prison. The following day, the Board lodged a detainer against Morgan at the prison based on the new criminal charges and for technical parole violations. On February 18, 2000, Morgan was returned to a state correctional facility. Pursuant to the Board's order of March 31, 2000, Morgan was recommitted as a technical parole violator to serve 12 months backtime, "when available." On August 24, 2000, the criminal charges filed February 16, 2000, were dismissed. Consequently, a revocation hearing based on those criminal charges was not necessary.

In October 2000, Morgan was charged with new federal crimes. On January 10, 2001, he was transferred temporarily via judicial writ to the Federal Detention Center in Philadelphia. On January 16, 2001, Morgan pleaded guilty to the federal charges, and was subsequently transferred back to state prison the following day. On April 17, 2001, Morgan was sentenced to serve 57 months in federal prison.

On May 24, 2001, the Board received official verification of the new federal guilty plea. On July 11, 2001, the Board notified Morgan that a revocation hearing for his conviction on the federal charges

was scheduled for July 26, 2001. Following two continuances requested by Morgan, the revocation hearing was held on September 26, 2001. The Board issued an order on October 10, 2001, recommitting Morgan as a convicted parole violator because of his new federal guilty plea. On October 26, 2001, Morgan filed an administrative appeal of the revocation decision that objected to the timeliness of the revocation hearing. The Board denied Morgan's administrative appeal on March 12, 2002. This appeal followed.

■ Initially, we note that our scope of review of a Board order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *McCaskill v. Pennsylvania Board of Probation and Parole,* 158 Pa.Cmwlth. 450, 631 A.2d 1092 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 739 (1994).

■ Morgan's sole argument on appeal is that the Board failed to give him a timely revocation hearing. We disagree.

The general rule requires the Board to hold a revocation hearing "within 120 days from the date the Board received official verification of the plea of guilty . . . ."before a parolee is recommitted as a convicted parole violator. 37 Pa.Code § 71.4(1). "Official verification" of the plea of guilty is defined as the "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa.Code § 61.1.

■ Subsection (i) to the regulation provides an exception to the general rule, stating:

> If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex. rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

37 Pa.Code § 71.4(1)(i). When a parolee alleges that the Board held a hearing beyond the 120–day period, the Board bears the burden of proving, by a preponderance of the evidence, that the hearing was timely. *Fitzhugh v. Pennsylvania Board of Probation and Parole,* 154 Pa.Cmwlth. 123, 623 A.2d 376 (1993).

Morgan argues that his revocation hearing on September 5, 2001 [1] was untimely because he pleaded guilty to federal charges on January 16, 2001, and was "returned" from the federal facility to a state correctional facility on January 17, 2001. Morgan relies on *Williams v. Pennsylvania Board of Probation and Parole,* 134 Pa.Cmwlth. 597, 579 A.2d 1369 (1990), *petition for allowance of appeal denied,* 533 Pa. 616, 618 A.2d 405 (1992), for the proposition that the Board must afford a parolee a revocation hearing within 120 days of his return to a state facility. Morgan's argument is premised on the characterization of his temporary transfer to the Federal Detention Center, as "confinement outside

---

1. We are uncertain why Morgan references the date of September 5, 2001 as the date of his revocation hearing. Our review of the record indicates that he requested a continuance on that date. His initial hearing was originally scheduled for July 26, 2001. Morgan eventually received his revocation hearing on September 26, 2001.

the jurisdiction of the Department of Corrections" under subsection (i) to the regulation, such that his return triggered the start of the 120 day period.

We recently addressed whether a parolee who is transferred to a county facility for the purpose of standing trial on new charges was outside the confinement of the jurisdiction of the Department of Corrections in *Montgomery v. Pennsylvania Board of Probation and Parole*, 808 A.2d 999 (Pa.Cmwlth.2002). In that case, Montgomery was recommitted as a technical parole violator and was serving twelve months backtime. While serving his backtime, Montgomery was transferred to a county jail for a non-jury trial on new criminal charges. We concluded that because the parolee was continuously serving his technical parole violation backtime, although physically in a county jail, he never left the jurisdiction of the Department of Corrections.

■ Similarly, in this case, Morgan, while serving his sentence in a state correctional facility, was transferred to a Federal Detention Center to enter his plea to the federal charges pursuant to a writ issued by the federal court. A judicial writ has been defined as "requiring a person to appear at a specified time and place...." *In re Simon*, 297 F. 942, 944 (2nd Cir.1924) (citations omitted). When a prisoner is detained pursuant to a writ for the purposes of presenting him to the court on new criminal charges, the prisoner is

> considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign ... is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him.

*Ruggiano v. Reish*, 307 F.3d 121, 125 n. 1 (3rd Cir.2002). Although the writ in the case *sub judice* is not included in the record, it is clear from the record that the purpose of Morgan's transfer was to enable him to appear before the federal court to enter his plea to the federal charges. Consequently, although Morgan was physically in the care of other authorities, he technically never left the Board's jurisdiction. *Montgomery*. The judicial writ did not release Morgan to the federal authorities for the purpose of serving a federal sentence. Rather, it merely allowed Morgan to enter his guilty plea to the federal crimes with which he was charged. This does not constitute "confinement outside the jurisdiction of the Department of Corrections."

It is undisputed that the Board did not receive official verification of Morgan's guilty plea until May 24, 2001. Consequently, under the application of the general rule in Regulation § 71.4(1), the 120-day period began to run upon the Board's receipt of official verification of the federal guilty plea, on May 24, 2001. Therefore, Morgan's initial hearing date of July 26, 2001 was within the 120-day period.

Accordingly, the Board's order is affirmed.

### ORDER

**NOW**, January 6, 2003, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.