**Kenneth CORDELL, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 2012.

Decided April 24, 2012.

Timothy M. Barrouk, Harrisburg, for petitioner.

Chad L. Allensworth, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Kenneth Cordell (Cordell) petitions this Court for review of the August 3, 2011 determination of the Pennsylvania Board of Probation and Parole (Board) that denied his claim that the March 1, 2011 parole revocation hearing was untimely. Finding no error in the determination and that it is supported by substantial evi-

dence, we affirm.[1]

Cordell is serving a 2½- to 15-year sentence as a result of a conviction for criminal attempt to commit homicide, with original minimum and maximum sentence dates of July 31, 1981, and January 31, 1994. (R. Item 1, Initial Sentence Status Report, Certified Record (C.R.) at 1.) The Board paroled Cordell and released him on August 25, 1984, subject to an approved parole plan. (R. Item 3, C.R. at 8.)

Following his release from Pennsylvania custody, Cordell was arrested and convicted of various criminal offenses between 1985 and 1988 in the states of Georgia, Nevada, and Florida.[2] He would eventually serve a 17-year sentence in Florida and, upon completion of that term, on August 1, 2004, Florida authorities released him to Georgia authorities to finish a 20-year sentence there. (R. Item 14, March 1, 2011 Hearing Transcript (H.T.) at 27, C.R. at 82.)

The Pennsylvania Board issued the operative warrant against Cordell on May 16, 1988. (R. Item 4, Warrant, C.R. at 12.) The Board faxed the warrant to the Georgia Department of Corrections on October 29, 2004.[3] (R. Item 14, H.T. at 25, C.R. at 80; R. Item 8, Supervision History, Form PBPP-257-H, Aug. 24, 2010, C.R. at 38.) The Georgia Department of Corrections, by its letter to the Pennsylvania Board dated October 29, 2004, recognized the Pennsylvania detainer, filed it against Cordell, and instructed the warden with physical custody of Cordell to notify Cordell of the Pennsylvania detainer. (R. Item 14, Oct. 29, 2004 letter from Calvin J. Brown to Audrey M. Reiber, C.R. at 132.) The letter also stated the following: "Our files have been marked to show that you [the Pennsylvania Board] are to be advised approximately thirty (30) days in advance of this inmate's release date so that you may arrange to take custody of him." (*Id.*) Georgia officials provided a copy of the letter to Cordell and notified him of the Pennsylvania detainer in 2004. (R. Item 14, H.T. at 27-28, C.R. at 82-83.)

On December 4, 2008, the Georgia Department of Corrections sent a letter (the Release Notice) to the sheriff's office in Clarke County, Georgia, which also had filed a detainer against Cordell. The Release Notice informed the sheriff's office that the Department of Corrections intended to release Cordell on December 7, 2008, and requested that the sheriff's office assume custody of Cordell at that time. (R. Item 14, Dec. 4, 2004 letter from Patti

1. The Court's review is limited to determining whether constitutional rights have been violated, errors of law were committed, or the Board's findings of facts were not supported by substantial evidence. *Morgan v. Pennsylvania Board of Probation and Parole*, 814 A.2d 300, 302 (Pa.Cmwlth.2003).

2. At the revocation hearing Cordell admitted to each of the new convictions, which included: (1) July 26, 1985 conviction in Cobb County, Georgia, for burglary; (2) May 1, 1986 conviction in Clark County, Nevada, for robbery with use of a deadly weapon; (3) September 3, 1987 conviction in Bay County, Florida, for two incidents of robbery with a firearm; (4) February 2, 1988 conviction in Bay County, Florida, for attempted escape; and (5) March 4, 1988 conviction in Bay County, Florida, for two incidents of escape. (R. Item 14, March 1, 2011 Hearing Transcript (H.T.) at 11-18, C.R. at 66-73; R. Item 10, Notice of Charges and Hearing, Aug. 24, 2010, C.R. at 43-44.)

3. The record indicates that the Board issued three warrants against Cordell following his August 25, 1984 release on parole, one on February 1, 1985, a second on April 22, 1986, and a third on May 16, 1988. (R. Item 8, Supervision History, Form PBPP-257-H, Aug. 24, 2010, C.R. at 38.) The Board faxed to Georgia authorities the May 16, 1988 warrant when it was discovered that the prior warrants had not followed Cordell to the Georgia system. (*Id.*)

Foster to Donnis Simmons, Clarke County Sheriff, C.R. at 131.) The Release Notice expressly acknowledged there was a Pennsylvania detainer filed against Cordell: "Other Agencies with Detainers: C/WEALTH/PA. BD. PROB/PAR., 1101 S. FRONT ST. STE 5800, HARRISBURG, PA." (*Id.*) The Release Notice is unambiguously addressed to the Clarke County Sheriff and contains the following "CC" line: "State Board of Pardons and Paroles." (*Id.*) The parties disputed at the revocation hearing whether Georgia officials sent a copy of the Release Notice to the Pennsylvania Board. The Hearing Examiner concluded that they did not. (R. Item 14, H.T. at 21–24, C.R. at 76–79.)

On December 7, 2008, the Georgia Department of Corrections transferred Cordell to Clarke County. On December 10, 2008, in spite of the May 16, 1988 Pennsylvania detainer, Clarke County authorities released Cordell from custody.

Cordell testified at the revocation hearing that, approximately a week and a half before his transfer to Clarke County, he met with his counselor at Hays State Prison. (R. Item 14, H.T. at 28, C.R. at 83.) According to Cordell, his counselor wanted him to sign certain papers regarding his release. (*Id.*) Cordell provided his counselor with a copy of the Pennsylvania detainer, and his counselor said that he would search for the detainer in the National Crime Information Center (NCIC) index. (*Id.*) They met again and, according to Cordell, the counselor informed him that there was no warrant or detainer on the NCIC index and that "he had contacted Pennsylvania and they did not want me and to sign the [release] papers." (*Id.*)

Cordell testified that after his transfer to Clarke County, he appeared in county court, where the charges against him there were dismissed because the statute of limitations had run. (R. Item 14, H.T. at 29, C.R. at 84.) He testified that he was next sent to county jail where authorities once more searched the NCIC index, found no Pennsylvania detainer, and set him free on December 10, 2008. (*Id.*)

After his release from prison in Georgia, Cordell moved to Arkansas to find work with a cousin. On August 5, 2010, following a traffic stop, he was apprehended by Arkansas police, who searched the NCIC index and learned of the Pennsylvania detainer. Cordell waived extradition and he was returned to the Board's custody on August 21, 2010, at the State Correctional Institution (SCI) at Pittsburgh.[4] The Board scheduled a revocation hearing for December 14, 2010, 115 days after Cordell's return to a Pennsylvania correctional facility. Cordell continued that hearing to the next available date due to the unavailability of his counsel, and the hearing was held on March 1, 2011.

Cordell objected to the timeliness of the hearing pursuant to 37 Pa.Code § 71.4(1), claiming that it was not held within 120 days of the date he became available to the Board, which he asserted was December 10, 2008, the day he was released from incarceration in Georgia. The Board ruled on May 3, 2011, that Cordell was a convicted parole violator and recommitted him to serve 30 months of backtime. Cordell filed a Petition for an Administrative Appeal, which a panel of Board members denied on August 3, 2011. (R. Item 17,

---

4. Between December 2008 and August 2010, Cordell maintained employment in Arkansas, except for three months when he received unemployment compensation. (R. Item 14, H.T. at 31, C.R. at 86.) He had no incidents with law enforcement during that two-year period, during which, he stated at the hearing, "I was working and trying to put my life back together after spending 21 years in prison." (*Id.*)

August 3, 2011 Board Decision, C.R. at 144.)

The panel found that Georgia authorities did not make Cordell available to the Board before releasing him on December 10, 2008, and that the purported delay between his release date and the date he was returned to a Pennsylvania correctional facility could not be attributed to or construed against the Board. The panel concluded that Cordell was not actually available to the Board until his arrest in Arkansas on August 5, 2010, and that the 16–day delay between August 5 and August 21, 2010, when Cordell was returned to Pennsylvania, was not unreasonable. The panel also concluded that the March 1, 2011 revocation hearing was timely under 37 Pa.Code § 71.4(1) because, after subtracting time for Cordell's request for a continuance, it was held within 115 days of Cordell's return to SCI Pittsburgh. (*Id.*) Cordell appealed the panel's decision to this Court.

The regulation that governs whether a revocation hearing is timely provides, in pertinent part:

§ 71.4. Conviction for a new criminal offense.

The following procedures shall be followed before a parolee is recommitted as a convicted violator:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

37 Pa.Code § 71.4(1). When a petitioner alleges untimeliness in the revocation hearing, the Board has the burden of proving by a preponderance of the evidence that the hearing was timely. *Taylor v. Pennsylvania Board of Probation and Parole,* 931 A.2d 114, 116 (Pa.Cmwlth.2007) (*en banc*); *Abbruzzese v. Pennsylvania Board of Probation and Parole,* 105 Pa. Cmwlth. 415, 524 A.2d 1049, 1051 (1987).

Cordell argues on appeal that he was available to the Board on December 10, 2008, as soon as he was released from custody in Georgia, because, essentially, either the Board was aware of his impending release and chose not to enforce its detainer, or failed to properly lodge its detainer such that Georgia officials could not enforce it. Cordell argues that he was available to the Board for 622 days (December 10, 2008, to August 21, 2010), and, as a result, he suffered an unreasonable and unjustifiable delay and the hearing was untimely. Applying the regulation, Cordell contends that when he was released without "official verification of the return of the parolee to a State correctional facility," the exception set forth in 37 Pa.Code § 71.4(1)(i) no longer applied, and the Board lost jurisdiction to hold a revocation hearing. (Petitioner's Br. at 8.)

This case involves a factual determination of the events leading to Cordell's release from Georgia custody in December 2008. The Board met its initial burden by establishing that the revocation hearing was timely because Cordell was first made available on August 5, 2010, when he was arrested in Arkansas, and the Board transferred him to SCI Pittsburgh within 16 days, and scheduled his revocation hearing 115 days thereafter. *Woods v. Pennsylvania Board of Probation and Parole*, 79 Pa.Cmwlth. 134, 469 A.2d 332, 334 (1983) ("The Board has no responsibility to or for a parole violator until it has jurisdiction over him.") (citing 37 Pa.Code § 71.4(1)); *Fulton v. Pennsylvania Board of Probation and Parole*, 663 A.2d 865, 867 (1995) (holding that 19–day delay in returning offender to Pennsylvania correctional facility is not unreasonable).

The Board drew the permissible inference that the Pennsylvania Board was unaware of Cordell's impending and actual release from Georgia custody until after he was released. That inference was based on the following record evidence: (1) the 2004 letter from the Georgia Department of Corrections to the Pennsylvania Board acknowledging the Pennsylvania detainer and promising to inform the Pennsylvania Board of Cordell's release 30 days beforehand; (2) the 2008 Release Notice from the Georgia Department of Corrections to the sheriff in Clarke County, Georgia, instructing the sheriff to take custody of Cordell and informing the sheriff of the Pennsylvania detainer; and (3) the absence of any subsequent letter to the Pennsylvania Board regarding Cordell's release. Based on the record, the Board's inference was permissible.

Cordell contends that the Board erred because, essentially, it should have inferred that it received notice of his release from Georgia custody beforehand, based

on the same evidence plus Cordell's own testimony that his counselor in Georgia called someone in Pennsylvania who told the counselor that "Pennsylvania did not want him" anymore. We disagree.

The record is clear that the Georgia Department of Corrections had the Pennsylvania detainer against Cordell and that it followed him to Clarke County. Cordell points to the carbon copy line on the Release Notice as evidence that the Board knew of Cordell's release, however, the carbon copy line is, at best, ambiguous, and the Board found that a carbon copy to the "State Board of Pardons and Paroles" was sent to the Georgia State Board of Pardons and Paroles, not to the Pennsylvania Board of Probation and Parole. (R. Item 14, H.T. at 42, C.R. at 97.) The Board was free, as fact-finder, to reject Cordell's unsubstantiated testimony, which it did. Because substantial evidence supports the Board's finding that Cordell was not available to the Board until August 5, 2010, we affirm the Board.

Cordell claims that our holding in *Williams v. Pennsylvania Board of Probation and Parole*, 134 Pa.Cmwlth. 597, 579 A.2d 1369 (1990), supports his argument. The circumstances and the record here are very different from those in *Williams*. In *Williams*, the parolee submitted into evidence a letter from the Georgia State Board of Pardons and Paroles, informing the Pennsylvania Board that the parolee was eligible for parole in Georgia and for transfer to Pennsylvania. The parolee also submitted affidavits from Georgia officials explaining that they were unable to proceed until they received a copy of the Pennsylvania detainer, which only the Pennsylvania Board could provide. *Id.* at 1371–72. Under the unique circumstances, this Court held that the Board violated the parolee's due process rights by allowing him to remain confined

in another state for nine months without adequate explanation: "Obviously, the Board cannot arbitrarily choose to leave a parolee in confinement in another state." *Id.* at 1372.

Here, on the other hand, the record supports the Board's finding that the Board acted promptly to obtain custody of Cordell when he was first made available. There is no evidence here that the Board arbitrarily chose not to enforce its detainer against Cordell until after he was released from Georgia custody. Quite the contrary, the record shows that the Board actively attempted to ensure that its detainers against Cordell followed him as he was incarcerated in Georgia, Florida, and Nevada.

An appropriate order follows.

## *ORDER*

AND NOW, this 24th day of April, 2012, the determination of the Pennsylvania Board of Probation and Parole in the above matter is **AFFIRMED.**