IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emmanuel Williams, :
           Petitioner :
  :
      : No. 1176 C.D. 2021
         v. :
  :
      : Submitted: March 25, 2022
Pennsylvania Parole Board, :
           Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: November 7, 2022

          Emmanuel Williams (Williams) petitions for review from the October 14, 2021 decision and order of the Pennsylvania Parole Board (Board) denying, in part, his challenge to the Board's order recommitting him as a convicted parole violator (CPV) and recalculating his maximum sentence date without award of credit for time spent at liberty on parole. Upon review, we affirm.

## Background and Procedural History

          On May 1, 2001, Williams was sentenced to 13 to 26 years' incarceration with a maximum sentence date of April 29, 2026.[1] (Certified Record (C.R.) at 1.) By

---

[1] Williams was charged with robbery and sentenced to 5 to 10 years. (C.R. at 1.) He is also serving additional consecutive sentences of 5 to 10 years and 3 to 6 years for two other robbery convictions. *Id.*

an order dated January 25, 2013, Williams was granted parole and released from confinement on May 2, 2013. (C.R. at 7.)

From 2013 to 2020 while Williams was on parole, he was arrested multiple times, for, among others, charges of driving under the influence (DUI) and possession of controlled substances, none of which resulted in his parole revocation.

On September 10, 2013, Williams was discharged from Keystone Community Corrections Center (Keystone CCC) for possessing contraband. (C.R. at 19.) On September 11, 2013, the Board issued a warrant to commit and detain Williams for his discharge from Keystone CCC as this was a special condition of his parole. (C.R. at 18, 36, 213.) He remained incarcerated solely on the Board's warrant until November 12, 2013. (C.R. at 18, 36, 213.)

On November 18, 2013, Williams was charged with possession of controlled substance/contraband by inmate, controlled substance by person not registered, and unlawful possession of drug paraphernalia, for which he was sentenced to pay a fine. (C.R. at 45.) Again, on March 4, 2014, the Board issued a warrant to commit and detain Williams. (C.R. at 26.) From March 4, 2014, to May 27, 2014, a total of 84 days, Williams was detained solely on the Board's warrant. (C.R. at 197, 213.) The Board noted the conviction and continued Williams on parole. (C.R. at 55.)

On October 20, 2015, Williams was arrested for multiple charges stemming from a DUI. (C.R. at 60.) Williams was continued on parole pending the disposition of his criminal charges. *Id.* On December 4, 2017, Williams pled guilty to DUI and received six months' probation. (C.R. at 75.) The Board noted the conviction and continued Williams on parole. (C.R. at 88.)

On August 19, 2019, Williams was arrested for two DUI charges. (C.R. at 91.) On February 21, 2020, the Board issued a warrant to commit and detain

2

Williams due to his DUI charges. (C.R. at 104.) From February 21, 2020, to April 24, 2020, a period of 63 days, Williams was detained solely on the Board's warrant. (C.R. at 197, 213.) On December 3, 2020, Williams pled guilty to two counts of DUI, second offense, and was sentenced to two years of probation. (C.R. at 139.)

On January 28, 2021, Williams was detained by the Board's warrant because he produced a positive urine test and was found to have marijuana, drug paraphernalia, and cash. (C.R. at 109.) Additionally, that same day, the Board discovered Williams had pending charges for possession of a small amount of marijuana and possession of drug paraphernalia. (C.R. at 118, 110.) The Board detained Williams pending the disposition of his criminal charges. (C.R. 130, 133.)

The Board conducted a parole revocation hearing on March 26, 2021, addressing Williams' DUI convictions. (C.R. at 169-87.) The Board issued a revocation hearing report on March 29, 2021, in which the hearing examiner recommended that Williams be denied credit for all time spent at liberty on parole from the date of his parole on May 2, 2013, as Williams demonstrated unresolved drug and/or alcohol issues that warranted denying credit. (C.R. at 191.) The report recommended Williams be recommitted as a CPV for 12 months when available due to his DUI convictions. (C.R. at 194.) A second Board Member signed the report. (C.R. at 195.)

Subsequently, the Board mailed an order on May 27, 2021, to recommit Williams, which order denied him credit for time spent at liberty on parole because he "committed a new conviction that is the same or similar to the original offense" and "continues to demonstrate unresolved drug and/or alcohol issues." (C.R. at 215-16.) The order outlined that Williams was paroled on May 2, 2013, and at the time of release owed 4,725 days on his original sentence. (C.R. at 213.) The Board credited Williams

146 days for time spent from September 11, 2013, to November 12, 2013, and from March 4, 2014, to May 27, 2014. (C.R. at 213.) Additionally, the Board credited him 63 days for time spent from February 21, 2020, to April 24, 2020. *Id.* Subtracting the 209-day credit from 4,725 days remaining on his original sentence, the Board determined Williams had 4,516 days remaining on his original sentence. *Id.* Adding 4,516 days to his return-to-custody date of January 28, 2021, the Board established Williams' new maximum sentence date as June 10, 2033. (C.R. at 215.)

On June 21, 2021, the Board received two requests for administrative relief from Williams and Williams' counsel, Kent Watkins, Esq., both filed on June 16, 2021. (C.R. at 224-28.) On October 14, 2021, the Board affirmed, in part, its decision to recommit Williams as a CPV for 12 months of backtime and establish his parole maximum date of June 10, 2033. (C.R. at 233.) The Board granted, in part, Williams' request for administrative relief by modifying the decision to only include Williams' unresolved drug and alcohol issues as its reason to deny credit for time spent at liberty on parole. (C.R. at 231; 233-35.) This appeal followed.

## Discussion

On appeal,[2] Williams argues that the Board failed to credit him with all time served exclusively on its warrant. Williams also argues that the Board recommitted him as a CPV to serve a period of backtime in excess of the codified presumptive range.[3]

---

[2] Review of a Board order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Morgan v. Pennsylvania Board of Probation & Parole*, 814 A.2d 300, 302 (Pa. Cmwlth. 2003).

[3] In his brief, Williams adds a third issue, arguing that the Board abused its discretion by failing to credit Williams for all time spent in good standing on parole. *See* Petitioner's Br. at 4, 13-14. However, Williams then concedes the issue in the argument section stating the Board did not

**(Footnote continued on next page…)**

4

**Credit for Time Served on Board's Warrant**

In his first issue, Williams argues he is entitled to credit for time spent exclusively on the Board's warrant. Williams asserts he is entitled to credit for time served from April 7, 2014, to April 24, 2020, a period of 2,209 days. (Petitioner's Br. at 13, 16.)

Importantly, we note that Williams does not contest the Board's decision to deny credit for time spent at liberty on parole, which was from May 2, 2013, to January 28, 2021. Williams' parole period overlaps with the time frame with which he is presently requesting credit from April 7, 2014, to April 24, 2020, stating he was incarcerated entirely for that time. (Petitioner's Br. at 13.) As there is a disconnect between Williams' request and concession, we only address the periods outlined in Williams' brief regarding the times he was incarcerated solely on the Board's detainer.

In the seminal case *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), our Supreme Court held that if the parolee has met bail requirements on his new charges but remains in custody solely on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." On the other hand, if a parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the] new sentence." *Id.*

Applying these rules here, the Board awarded Williams credit against his original sentence for three periods he spent in custody solely on the Board's detainer. The Board credited Williams with 209 days for time served exclusively on its warrant from: September 11, 2013, to November 12, 2013; March 4, 2014, to May 27, 2014; and February 21, 2020, to April 24, 2020. Importantly, during Williams' incarceration

---

abuse its discretion by denying credit for time spent at liberty on parole. (Petitioner's Br. at 13-14.) Accordingly, we will not address that issue.

5

period from September 11, 2013 to November 12, 2013, he was held solely on the Board's warrant due to a technical violation. (C.R. at 18.) During the period of March 4, 2014 to May 27, 2014, Williams was held on the Board's warrant for violating conditions of his parole. (C.R. at 55, 197.) Additionally, Williams was incarcerated from February 21, 2020 to April 24, 2020, solely on the Board's warrant for violating conditions of his parole. (C.R. at 104.)

When Williams was originally paroled on May 2, 2013, he had 4,725 days remaining on his sentence. Subtracting 209 days from the 4,725 days left on his sentence, Williams had 4,516 days remaining on his original sentence. Williams was detained by the Board on January 28, 2021, which means this is the date he became available to serve his original sentence. Adding 4,516 days to Williams' January 28, 2021 detention date yields a recalculated maximum sentence date of June 10, 2033. Upon review, we discern no error in the Board's calculation of Williams' maximum sentence date as the Board has credited Williams all the time he spent detained exclusively on its warrant.

### Backtime Imposition and Mootness

Next, Williams contends the Board recommitted him to serve a period of backtime in excess of the codified presumptive range of his two DUI convictions and requests that this Court vacate the Board's order. The Board asserts Williams' challenge to his recommitment backtime should be dismissed as moot because Williams has served his entire backtime sentence. (Respondent's Br. at 8.)

"[A]n appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). We will refuse dismissal only if the issue involved is capable of repetition yet likely to evade review

6

and is of important public interest, or where a party will suffer some detriment without this Court's decision. *Id.*

Here, Williams' 12-month recommitment period began on January 28, 2021, and concluded on January 28, 2022. (C.R. at 213, 215-16.) Because Williams has served the entirety of his backtime, it would be impossible for this Court to grant relief to undo the alleged harm. Moreover, we find that this issue is not one that is capable of repetition but likely to evade review. *See, e.g., Heidelberg v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No., 661 C.D. 2016, filed January 20, 2017);[4] *Riede v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 337 C.D. 2015, filed March 30, 2017). As Williams is only challenging the length of backtime imposed, this issue is moot.[5]

Accordingly, we affirm the Board's order.

 

 

_____

PATRICIA A. McCULLOUGH, Judge

---

[4] Pursuant to 210 Pa. Code § 69.414, unreported decisions of this Court may be cited for their persuasive value.

[5] Nevertheless, even if this issue were not moot, we would affirm the Board. In its regulations, the Board has presumptive ranges to impose for various parole violations. 37 Pa. Code §§ 75.2 & 75.4. When there are multiple offenses, the Board in its discretion may treat each offense separately and aggregate the presumptive ranges to arrive at an applicable presumptive range. *Corley v. Pennsylvania Board of Probation and Parole*, 478 A.2d 146 (Pa. Cmwlth. 1984). Importantly, this Court will not interfere with the Board's discretion so long as the backtime imposed is within the applicable presumptive range. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990).

Here, Williams was convicted of two counts of DUI and recommitted to serve 12 months' backtime as a CPV. The presumptive range for one count of DUI is three to six months. 37 Pa. Code. §75.2. Thus, the aggregate range the Board could have imposed was six to twelve months' backtime. As Williams' backtime does not exceed the aggregate range, his claim lacks merit.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emmanuel Williams,      :
     Petitioner   :
            :  No.  1176 C.D. 2021
   v.       :
            :
Pennsylvania Parole Board,   :
     Respondent  :

## ***ORDER***

AND NOW, this 7th day of November, 2022, the Order of the Pennsylvania Parole Board dated October 14, 2021, is hereby AFFIRMED.

           _____
           PATRICIA A. McCULLOUGH, Judge