IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eugene Pratt,                                            :
                          Petitioner                    :
                                                        :    No.  598 C.D. 2022
             v.                                         :
                                                        :    Submitted:  February 3, 2023
Pennsylvania Parole Board,                              :
                          Respondent                    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: June 2, 2023


           Eugene Pratt (Pratt) petitions for review of the May 18, 2022 decision of the Pennsylvania Parole Board (Board) denying his request for recalculation of his maximum sentence date established by the Board's recommitment decision mailed March 4, 2022.  Upon review, we grant the Board's Application to Dismiss for Mootness (Application to Dismiss) and dismiss Pratt's Petition for Review as moot.

## I.    FACTS AND PROCEDURAL HISTORY

           On December 8, 2020, Pratt was released on parole, with a maximum sentence date of May 2, 2022.  (Certified Record (C.R.) at 12.)  On March 16, 2021, Pratt was detained and subsequently recommitted for violating conditions of his parole.  (C.R. at 26-82.)  Pratt was released again on August 11, 2021, with a maximum sentence date of June 10, 2022.  (C.R. at 174.)

On November 9, 2021, the Pennsylvania Department of Corrections issued a "Wanted Notice Request" after Pratt moved from his approved residence and failed to report to parole supervision staff. (C.R. at 94.) On November 15, 2021, the Board declared Pratt delinquent, effective November 5, 2021. (C.R. at 95.) Pratt was declared delinquent until December 14, 2021, when he was detained by parole supervision staff and charged with technical parole violations. (C.R. at 96-101.) A parole violation hearing was conducted on February 22, 2022. (C.R. at 115-54.) At the hearing, Pratt testified that he was seeking treatment for drug use as an inpatient at Angel's Light from November 26, 2021, until he was detained by the Board on December 14, 2021. (C.R. at 136.) Pratt further testified that he had his wife contact his probation agent to inform him that Pratt was at Angel's Light seeking treatment. (C.R. at 138-39.)

On March 4, 2022, the Board mailed its decision, which recommitted Pratt as a technical parole violator and recalculated his maximum sentence date to be June 10, 2022. (C.R. at 174-75.) Pratt, *pro se*, filed a request for administrative remedies form which the Board received on March 16, 2022, requesting credit for time spent at Angel's Light. (C.R. at 176.) Additionally, Pratt's counsel filed an administrative remedies form, received by the Board on March 21, 2022, and dated March 18, 2022, setting forth the same request that Pratt be credited for time spent at Angel's Light. (C.R. at 178-79.) Both requests for administrative relief were denied on May 18, 2022. (C.R. at 187-88.)

Pratt filed a petition for review with this Court on June 16, 2022. The Board filed an Application to Dismiss for Mootness and Stay the Briefing Schedule, requesting that this Court dismiss Pratt's petition for review as moot. Pratt filed an answer to the Board's motion on September 26, 2022. By an order dated September

2

29, 2022, the Court directed that the Application to Dismiss be decided with the merits of the Petition for Review and denied the request to stay the briefing schedule.

## II.    DISCUSSION

On appeal,[1] Pratt presents the single question of whether the Board erred in recalculating his maximum sentence date by failing to credit him for time he spent at the inpatient treatment facility, Angel's Light, from November 26, 2021, to December 14, 2021.  (Petitioner's Br. at 5.)

Alternatively, the Board asserts Pratt's challenge to the recalculation should be dismissed as moot because Pratt has served the entirety of his sentence. (Respondent's Br. at 6.)  Should this Court not find this case moot, the Board argues that Pratt is not entitled to credit for time he was delinquent pursuant to Section 6138(c)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(c)(2).  (Respondent's Br. at 6-8.)

As this Court has previously held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot.  It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief."  *Taylor v. Pennsylvania Board of Probation & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted).  We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review[,] of important public interest, or where a party will suffer some detriment without [our] court's decision."  *Id.*

---

[1] Review of a Board order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Morgan v. Pennsylvania Board of Probation & Parole*, 814 A.2d 300, 302 (Pa. Cmwlth. 2003).

3

Here, there is no dispute that Pratt's maximum sentence date expired on June 10, 2022. There is nothing in the Certified Record to indicate that Pratt committed any additional crimes or had new charges that could extend his maximum sentence date on his original sentence. To the contrary, it appears Pratt is no longer under the custody and control of the Commonwealth. Because Pratt has already served the sentence that extended his maximum sentence date, we cannot grant the requested relief. Although the issue raised by Pratt relating to credit for time spent at an inpatient center is capable of repetition, it is an issue this Court has routinely addressed. Moreover, Pratt will not suffer some detriment without this Court's decision because he is no longer serving his original sentence. Because the maximum sentence date of June 10, 2022, on Pratt's original sentence has passed and there is no evidence in the record indicating that he is under the custody and control of the Commonwealth, the instant appeal is moot. *See Santangelo v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 1338 C.D. 2019, filed Mar. 17, 2021), slip op. at 5 (dismissing petitioner's appeal as moot as the issues presented in the appeal will continue to be addressed by the Court and petitioner would suffer no detriment without this Court's decision as the maximum sentence for parole had elapsed);[2] *Davis v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 861 C.D. 2020, filed Feb. 15, 2022), slip op. at 6 (dismissing petitioner's appeal as moot because his maximum sentence time expired meaning he would suffer no detriment without this Court's decision and the recalculation issue will not evade review in the future).

---

[2] Pursuant to Commonwealth Court Internal Operating Procedures Section 414(a), 210 Pa. Code §69.414(a), an unreported decision of this Court is not binding precedent but may be cited for its persuasive value.

Accordingly, for the reasons set forth above, we grant the Board's Application to Dismiss and dismiss Pratt's Petition for Review as moot.


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eugene Pratt, :
                Petitioner :
                       :   No. 598 C.D. 2022
          v. :
                       :
Pennsylvania Parole Board, :
                Respondent :

## ***ORDER***

AND NOW, this 2nd day of June, 2023, the Application for Relief filed by the Pennsylvania Parole Board on September 17, 2022, is hereby GRANTED. The petition for review filed by Petitioner Eugene Pratt is hereby DISMISSED as MOOT.

                                    _____

                                    PATRICIA A. McCULLOUGH, Judge