# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Kenneth Arrington, Jr.,  :
            Petitioner  :
              :  No. 171 C.D. 2021
      v.  :
              :  Submitted: December 3, 2021
Pennsylvania Parole Board,  :
            Respondent  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: July 29, 2022

James Kenneth Arrington, Jr. (Arrington), proceeding *pro se*, petitions for review of the Pennsylvania Parole Board's (Board) decision dated February 3, 2021, which established a new parole maximum date. Upon review, we affirm.

## Factual and Procedural Background

Arrington is currently incarcerated at the State Correctional Institution (SCI) at Benner. On August 22, 2005, and March 24, 2006, Arrington received sentences that resulted in a maximum sentence date of April 7, 2019. (Certified Record (C.R.) at 1.) Arrington was released on parole on November 4, 2010. (Supplemental Certified Record at 6A.)

On July 27, 2015, Arrington was sentenced to incarceration in an SCI after committing crimes while at liberty on parole. (C.R. at 5.) On August 31, 2015, the Board mailed a decision that recommitted Arrington as a convicted parole violator (CPV) and established his parole violation maximum date as May 7, 2023. (C.R. at 4,

6.) Arrington did not challenge the calculation of his maximum date through the Board's administrative process.

On December 28, 2016, the Board again granted Arrington parole from his original sentences, at which point his parole violation maximum date was May 7, 2023. (C.R. at 7-9.) On January 11, 2017, Arrington was released on constructive parole from his original sentences to begin serving the July 27, 2015 sentence. (C.R. at 10-11.) On January 19, 2017, the Pennsylvania Department of Corrections calculated the minimum and maximum dates on Arrington's July 27, 2015 sentence as November 26, 2016, and May 26, 2018, respectively. (C.R. at 14.)

On May 11, 2017, the Board granted Arrington parole from his July 27, 2015 sentence and he was released on parole on June 15, 2017. (C.R. at 17-19.)

On May 1, 2018, the Board issued a Warrant to Commit and Detain after Arrington was arrested on new criminal charges. (C.R. at 24-37.) He was confined to a county jail from May 1, 2018, until May 7, 2018. (C.R. at 93.) On May 7, 2018, Arrington posted bond on his new criminal charges; the Board's detainer remained. (C.R. at 92, 94, 100.) On January 9, 2020, Arrington was convicted of new criminal offenses and sentenced to serve a new term of incarceration at SCI-Albion. (C.R. at 44-45, 51.) The Board conducted a parole revocation hearing on March 24, 2020. (C.R. at 62-82.) On March 26, 2020, the Board voted to revoke Arrington's parole and recommit him as a CPV. (C.R. at 90.) On June 5, 2020, the Board mailed its decision to recommit Arrington as a CPV on his original sentences, with a parole violation maximum date of November 15, 2024. (C.R. at 125-28.) The Board denied Arrington credit for time spent at liberty on parole because "the offender committed a new conviction that is the same or similar to the original offense thereby warranting the denial of credit for time at liberty on parole." *Id*.

2

On July 7, 2020, the Board received Arrington's request for administrative relief from the Board decisions mailed on August 31, 2015, and June 5, 2020. (C.R. at 132-69.) On February 3, 2021, the Board dismissed the request for relief from the August 31, 2015 decision and affirmed the June 5, 2020 decision. (C.R. at 231-34.) This appeal followed.[1]

**Discussion**

Initially, the Court notes that Arrington's statement of issues and discussion is nearly incomprehensible. From what the Court can discern from Arrington's *pro se* appellate brief, Arrington raises three issues, challenging the Board's decision to deny him credit for the time he spent at liberty on parole, recalculation of his maximum date, and allocation of credit concerning his new maximum date.[2]

Arrington argues that the Board erred in its calculation of his parole violation maximum date as May 7, 2023, after he was recommitted as a CPV.[3] This parole violation maximum date was established in the Board's decision mailed August 31, 2015, which recommitted him as a CPV. (C.R. at 4, 6.) Any claim relating to that August 2015 decision is waived because Arrington did not challenge

---

[1] On July 1, 2021, appointed counsel filed an application to withdraw and a letter pursuant to "*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), based on his conclusion that the appeal lacked merit. On July 21, 2021, the Court granted Arrington's request to proceed *pro se* and dismissed counsel's application to withdraw as moot.

[2] Review of a Board order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Morgan v. Pennsylvania Board of Probation & Parole*, 814 A.2d 300, 302 (Pa. Cmwlth. 2003).

[3] Arrington also appears to ask this Court to vacate a sentence of probation that was imposed by a court of common pleas. However, to the extent Arrington is challenging a probationary term, he should have filed a timely direct appeal to the Superior Court or a timely collateral attack under the Post Conviction Relief Act, 42 Pa.C.S. §§9541-46.

3

the calculation through the Board's administrative process within 30 days. *McCaskill v. Pennsylvania Board of Probation & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). The most recent recommitment decision mailed June 5, 2020, does not revive the lapsed appeal rights from the August 2015 decision because they are separate decisions. *See Woodard v. Pennsylvania Board of Probation & Parole*, 582 A.2d 1144 (Pa. Cmwlth. 1990); *Wright v. Pennsylvania Board of Probation & Parole*, 743 A.2d 1004 (Pa. Cmwlth. 1999). The applicable time limits are jurisdictional and an appeal from a recommitment decision where there was no timely administrative appeal to the Board is frivolous and sanctionable. *Robinson v. Pennsylvania Board of Probation & Parole*, 582 A.2d 857, 860 (Pa. 1990). As such, any challenge to the May 7, 2023 parole violation maximum date that was established in August 2015 is not properly before this Court. Moreover, to the extent Arrington is challenging the denial of credit for time at liberty on parole in the August 31, 2015 decision, the claim is waived for these same reasons.

Next, to the extent Arrington challenges the denial of credit for time at liberty on parole in relation to the June 5, 2020 recommitment decision, his claim fails on the merits.

The decision of whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code[4] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. *See* 61 Pa. C.S. §6138(a)(2.1). Pursuant to *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466, 475 (Pa. 2017), the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole.

---

[4] 61 Pa.C.S. §§ 6101-6182.

Instantly, the Board indicated that Arrington was denied credit because "the offender committed a new conviction that is the same or similar to the original offense thereby warranting the denial of credit for time at liberty on parole." (C.R. at 125-128.)

In *Barnes v. Pennsylvania Board of Probation & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019), this Court held that the Board's denial of credit because a convicted parole violator's new conviction was the "same/similar to the original offense" was a sufficient explanation for denying a CPV credit.

Here, Arrington was on parole from sentences imposed after violations of section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30). (C.R. at 1-3, 10.) His new criminal offenses included another conviction for violating 35 P.S. §780-113(a)(30). Therefore, the reason provided in the Board's decision mailed June 5, 2020, for not awarding Arrington credit for time at liberty on parole was sufficient.

Next, we address Arrington's challenge to his maximum sentence calculation. On January 11, 2017, the Board paroled Arrington to a state detainer sentence, with a new maximum date of May 7, 2023, leaving 2,307 days remaining on Arrington's original sentence. (C.R. at 10-11.) On June 15, 2017, the Board paroled Arrington from his July 27, 2015 sentence, with a maximum sentence date of May 6, 2018. The Board's decision to deny Arrington credit for time spent at liberty on parole authorized the recalculation of his maximum sentence date to reflect the same, which means that Arrington owed 2,307 days on his original sentence.

On May 1, 2018, Arrington was arrested on new criminal charges and the Board lodged its detainer on the same day. (C.R. at 24-37.) On May 7, 2018, Arrington posted bail on his new criminal charges, but the Board's detainer remained.

(C.R. at 93-94, 100.) On January 9, 2020, Arrington was convicted of new criminal offenses and sentenced to incarceration in an SCI. (C.R. at 44-45, 51.) Between May 7, 2018, and January 9, 2020, the Board held Arrington solely on its warrant. Thus, Arrington was entitled to credit for the 612 days of time served from May 7, 2018, to January 9, 2020. *Gaito v. Pennsylvania Board of Probation & Parole*, 412 A.2d 568 (Pa. 1980). Subtracting 612 days from 2,307 days left Arrington with 1,695 days remaining on his original sentence.[5]

The Prisons and Parole Code provides that a CPV who is released from an SCI and receives a new sentence to be served in an SCI must serve the original sentence first. 61 Pa. C.S. §6138(a)(5). However, that provision does not take effect until the Board revokes the reentrant's parole, which in this case was on March 26, 2020. *Campbell v. Pennsylvania Board of Probation & Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980). This means that Arrington did not become available to serve his original sentence until March 26, 2020. Any time served after May 1, 2018, that was not allocated towards his original sentence would be credited towards his new sentence. Adding 1,695 days to Arrington's March 26, 2020 availability date yields a recalculation maximum sentence date of November 15, 2024.

The Board's calculations in this case comply with all controlling authorities. Accordingly, the decision establishing the November 15, 2024 parole date is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Any credit for time Arrington spent incarcerated after May 1, 2018, that was not allocated toward his original sentence would be calculated by the Department of Corrections and credited toward his new sentence upon commencement of that term.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Kenneth Arrington, Jr.,     :
          Petitioner     :
                            :   No. 171 C.D. 2021
          v.                :
                            :
Pennsylvania Parole Board,     :
          Respondent     :

## ***ORDER***

AND NOW, this 29th day of July, 2022, the Pennsylvania Parole Board's decision dated February 3, 2021, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge